### JACKSON, on the Demise of TAYLOR, *v.* CULLUM.

It is a general rule, that the best evidence must be given of which the nature of the case is capable.

If any instrument of writing, or even the record of a judgment, be lost or destroyed, the contents may be proved by parol evidence.

ERROR to the *Dearborn* Circuit Court.—Ejectment. Plea, not guilty. Verdict and judgment for the defendant.

   SCOTT, J.—On the trial of this cause in the Circuit Court, after the plaintiff had proved a legal title in himself, the defendant offered parol evidence of an outstanding title, founded on a judgment, an execution, a levy, sale, sheriff's deed, and a return of execution, all destroyed by fire. This evidence was objected to by the plaintiff; but the objection was overruled, and the evidence was permitted to go to the jury; and this is the only error complained of.

   On the subject of evidence, the general rule is that the best attainable evidence shall be adduced to prove *every* disputed fact. The effect of this rule is, that when, from the nature of the transaction, superior evidence may be presumed to be with-

in the power of the party, that which is inferior will be excluded. But when it is manifest that evidence of a higher degree is not within the power of the party, that of a lower degree will be received; and the general rule never excludes the best evidence which can then be produced. 1 Stark. Ev. 391. In conformity with this rule, it has been held, that if a recovery in ancient demesne be lost, and the roll cannot be found, parol evidence may be resorted to. 1 Stark. Ev. 150. In the case of *Hills* v. *Colvin*, 14 Johns. R. 182, parol proof of a matter of record was excluded, on the ground that there was better evidence then within the power of the party. The case of *Jackson* v. *Frier*, 16 Johns. R. 193, was decided on the ground that due diligence had not been used in searching for the deed alleged to be lost. In both these cases it is stated that, on proof being made that better evidence was unattainable, parol testimony would have been admitted. In the case of *Hamilton's lessee* v. *Swearingen*, Add. R. 48, parol evidence was offered to supply the place of a lost deed, but the Court refused to receive it. It is there said, that in some cases such testimony must be received from necessity; but it is of so dangerous a nature that necessity alone can justify its admission. The evidence in that case was offered by the plaintiff, who might have taken steps, before he commenced his suit, to restore his title. The situation of a defendant is not so favourable. It might not be in his power, after suit brought and before the trial, to have the title restored on which he rested his defence; and were this even practicable, such a proceeding might be dependent on the will of some other person, under whose title he found it necessary to protect himself. Without resting, however, on the distinction between the situation of a plaintiff and a defendant, we think the case of *Hamilton's lessee* v. *Swearingen* more than balanced by the doctrine clearly laid down in other cases, where the principles are founded on better reason and tend more to the furtherance of justice.

In the case under consideration no doubt is suggested, and it is believed none exists, of the loss of the papers proposed to be supplied by oral proof; and if there can be any case in which parol evidence would be admitted to supply the loss of a deed or record, we cannot easily conceive of one in which necessity would more strongly urge such a measure. We are therefore

May Term,
1829.

of opinion, that the Circuit Court was correct in suffering the defendant's evidence to go to the jury.

*Per Curiam.*—The judgment is affirmed with costs.

*Caswell* and *Starr,* for the plaintiff.

*Dunn, Lane,* and *Stevens,* for the defendant.