REID, SHERIFF, &C AND HIS SURETIES V. THE PLANTERS' AND MERCHANTS' BANK OF MOBILE.

1. In a motion against a sheriff and his sureties for failing to pay over money collected upon an execution, notice to the former is sufficient to authorise a judgment against all of them.

2. In a proceeding against a sheriff and his sureties for failing to pay over money collected on execution, unless it is expressly or impliedly waived, the fact of suretyship must appear from the record to have been proved to the Court. But if the sureties appear and submit the case to a jury, their suretyship need not be proved, unless they have denied the execution of the sheriff's bond by plea.

3. The plea of "*not guilty*" by the sheriff to the motion against himself and sureties, does not relieve the plaintiff from the necessity of proving the suretyship of the latter in order to charge them.

Writ of error to the Circuit Court of Mobile.

IN the record we find a notice in which is described a writ of *fieri facias*, at the suit of the defendant in error, against James Walsh and William C. Baldwin, issued on a judgment rendered by the Circuit Court of Mobile. This execution it is alleged, issued on the 10th June, 1840, for fifteen hundred and eleven dollars and fifty-five cents, with interest to be collected thereon, from the 5th of May, preceding its issuance; and also the further sum of eight dollars and twenty-five cents, adjudged and taxed as costs of suit; and was made returnable on the sixth Monday after the third Monday in September, one thousand eight hundred and forty. It is then alledged that the execution was duly placed in the hands of Reid, as sheriff of Montgomery county, who has returned the same "satisfied," and failed to pay over the money on application therefor. The notice then informs the sheriff that a motion will be made at the Circuit Court of Mobile, to be holden on the third Monday of April, 1841, by the defendant in error, for a judgment against him and Peter C. Harris, Joseph Fitzpatrick, William Graham, Nimrod E. Benson, John Martin and Thomas Molton, his securities, for the aforesaid sum of fifteen hundred and nineteen dollars and seventy-five cents, with interest on the judgment 'till its collection by the sheriff, together with five per cent.

damages thereon for each and every month after the 15th of April, 1841, that being the day on which the same was demanded.

The notice was served on Reid alone, who by his counsel, pleaded "not guilty" thereto.

At the term of the Court at which the notice stated the motion would be made, a judgment was rendered as follows, viz:

"The Planters' and Merchants' Bank of Mobile.

*v.*

J. W. T. Reid.

This day came the parties by their attornies, and it appearing to the satisfaction of the Court, that a writ of execution issued out of this Court, bearing test the 10th day of June, 1840, and returnable to the next term of this Court, to be holden on the first Monday after the fourth Monday of October, 1840, in favor of said Bank, and against James Walsh and William D. Baldwin, for the sum of fifteen hundred and eleven dollars and fifty-five cents, and eight dollars and twenty-five cents costs; and it further appearing to the Court, that said Reid was at the time, sheriff of Montgomery county in said State, and that said execution was directed to said sheriff, and that the money specified therein had been made by the said sheriff: Thereupon, came a jury to wit: Robert W. Smith and eleven others, who being elected well and truly to try the issue joined, upon their oaths do say, we the jury find for the plaintiff, and assess the damages at fifteen hundred and ninety-five dollars and forty-five cents. It is therefore considered by the Court, that the said Bank recover from the said J. W. T. Reid, sheriff as aforesaid, and his securities in his official bond, Peter C. Harris, Joseph Fitzpatrick, W. Graham, N. E. Benson, John Martin and Thomas Molton, the aforesaid sum of fifteen hundred and ninety-five dollars and forty-five cents damages, by the jury aforesaid assessed, together with the costs in this behalf expended."

CAMPBELL, for the plaintiffs in error.

B. F. PORTER, for the defendant.

COLLIER, C. J.—It is insisted that the judgment of the Circuit Court is erroneous,

1. Because no notice of the motion was given to the sureties of the sheriff.

2. Because the jury did not find by their verdict, who were the sureties; nor does the record show, that any proof on this point, was adduced to the Court.

1. In Broughton, *et al.* v. The State Bank. 6 Porter's Rep. 48, this Court considered it a settled question, that in a motion against a sheriff and his sureties for failing to pay over money collected upon an execution, notice to the former was sufficient to authorise a judgment not only against him, but his sureties also: see McWhorter, *et al.* v. Marr's, Minor's Rep. 376; Neal, *et al.* v. Caldwell, 3 Stewart's Rep. 134.

2. No objection is made to the judgment so far as it is to operate against the sheriff alone, but the question is, do the facts recited in the record sustain it as against the sureties. In McWhorter, *et al.* v. Marr's, Minor's Rep. 376: it was decided that in a proceeding by motion against a sheriff and his sureties for the failure to return an execution, it was indispensably necessary, unless expressly or impliedly waived, that the individuals sought to be charged as sureties, should be proved to be such, and that this fact should appear from the record to have been shown to the Court. And in Barton, *et al.* v. The State Bank, 1 Stew. & Por. Rep. 471. This Court held the same opinion, and re-affirmed the case cited.

It has been repeatedly held from the earliest, up to the most recent decisions of this Court, that in summary proceedings provided by statute, every thing necessary to give the primary Court jurisdiction, and to legalize its judgment, must be shown by the record. Logwood v. The Planters' and Merchants' Bank of Huntsville, Minor's Rep. 23. Bates v. The Planters' and Merchants' Bank: 8 Porter's Rep. 99. Levert v. The same, ibid. 104. Bettis v. Taylor, ibid. 564.

If, however, the sureties appear and submit the case to the jury, it will not be necessary to prove the fact of suretyship, unless they have denied the execution of the sheriff's bond by the plea of *non est factum.* Jamison, *et al.* v. Harper, 1 Por. Rep. 431; Bettis v. Taylor, 8 Por. Rep. 564.

In the case at bar, the sureties did not appear, but the sheriff alone pleaded not guilty, which we understand to be a general denial of the allegations made against him in the notice. Un-

der the issue then, it was incompetent for the jury to try the fact of suretyship. But the proper course was, after the jury had returned their verdict, for the plaintiff to have offered evidence to show, that the persons who are described as sureties joined with him in his official bond. No evidence of this kind was adduced, but the Court assumed the fact without proof, and in this, according to the cases cited, mistook the law. The consequence is, the judgment of the Circuit Court is reversed, and the cause remanded, unless the defendant in error assents to the rendition of a judgment against Reid alone, according to the verdict,