## GAREY, ET ALS. V. FROST & DICKENSON.

1. A summary proceeding commenced by motion, when the parties appear and an issue is tried by the jury, is then like any other suit commenced in the ordinary mode, and to be governed by the same rules, with the single exception that it must appear on the record, that the court had jurisdiction.
2. When the sureties are not parties to the motion, the fact of suretyship cannot be found by the jury, but should be proved to the court, and it should appear on the record, that such proof was made.
3. A witness cannot be excused from testifying against the sheriff, on a motion against him, on the ground that he is one of his sureties, unless he is a party on the record, to the motion.
4. Whether the *declarations* of one as to the ownership of goods, of which he has the possession, cannot be given in evidence—*quere.*

ERROR to Sumter County Court.

This was a proceeding by the defendants in error, against the plaintiff in error, as sheriff of Sumter, suggesting that he could have made by due diligence, the money on an execution of the defendants in error.

The sheriff appeared, and issue being joined on the suggestion, the jury found the issue for the plaintiff, and that the sheriff could by due diligence, have made the money on the execution of the plaintiff, and it being made to appear that certain persons were the sureties of the sheriff, judgment was rendered by the court against the sheriff and his sureties for the amount of the execution, ten per cent thereon, and the costs of the execution, as well as the costs of the motion.

Pending the trial, a bill of exceptions was taken which, with a great deal of superfluous matter, not necessary to be here noticed, shews that the plaintiff produced a witness who proved that Calvin Davis, one of the defendants in the execution, resided near him in Sumter county, that he made from forty-five to fifty bales of cotton, in 1841, besides corn, and had from 19 to 21 of the bales on hand, until the last of May, 1842, the residue having been shipped by him previously. The witness was well acquainted with Davis; passed by his gin house frequently and saw

the cotton there. Witness was then asked if he knew of his own knowledge, the last mentioned cotton shipped, to be the property of Davis; he said he did not, but that Davis had so informed him. The defendant's counsel objected to this testimony going to the jury, but the court overruled the objection, and the testimony went to the jury.

It also appears that the counsel for the plaintiff and defendant, could not agree as to the testimony of the witness, and the court not recollecting it, it was by consent, left to the jury to say what the testimony was, who returned the above, and that their verdict was founded upon it.

The defendant also offered in evidence, an execution in favor of another plaintiff against Davis, one of the defendants in the execution, upon which this rule was founded, and upon which the sheriff had levied property and sold the same to the value of $259 07. The plaintiff then introduced a deputy of the sheriff, who was also one of his sureties in his official bond, and proposed to ask him whether the said execution had not been previously paid off, and by whom: to the introduction of whom the defendants counsel objected, insisting that he was incompetent, and could only be examined by interrogatories under the statute, and also that it would be compelling him to testify against himself; but the court overruled the objection, and required him to testify, who, then answered, that he had paid the judgment previous to the execution having issued, and was then running it to reimburse himself—to all of which the defendant excepted, and now prosecutes this writ of error.

The assignments of error are,

1. Because judgment is rendered on a suggestion, different from that filed and on which trial was had.

2. Because it is not alleged that either of the persons against whom judgment is rendered as sureties, were sureties of the sheriff, nor were they parties to the rule or pleadings, or present in court.

3. It does not appear that the execution on which the rule is founded, came to the sheriff's hands or was subject to his control, during the life of the same.

4th. Because it is not shewn that Gary was sheriff of Sumter, during the life of the execution, or that the other plaintiffs in error were his sureties, at any time before the trial.

5th. Because the jury do not find all the facts alleged in the suggestion.

6th. Because the court decided matters of fact which should have been left to the jury.

7th. Because the judgment is not authorised by the facts found.

8th. The judgment is too large, as appears by the record.

9th. Because it is not alleged, nor does it appear that the money had not been made on the execution.

10th. The jury did not assess any sum for which judgment should have been rendered.

11th. The court erred as set forth in the bill of exceptions.

BLISS & BALDWIN, for plaintiffs in error.

SMITH, *contra.*

ORMOND, J.—In the case of Smith v. The Branch Bank at Mobile, during the present term, we gave the result of the cases to be found in our books upon the law of these summary proceedings. It appears not to be understood, although repeatedly decided, and especially in the leading case of Currie v. The Bank of Mobile, [8 Porter, 360,] as also in many subsequent cases—that in these summary proceedings, when the parties appear and an issue is tried by a jury, they are then like other suits in court commenced in the ordinary mode, and to be governed by the same rules which govern other suits, when a judgment is rendered upon the finding of a jury, with the single exception, that it must appear affirmatively on the record, that the court had jurisdiction to entertain the motion.

In this case, the sheriff appeared and contested the facts contained in the suggestion; the finding therefore by the jury of the issue against him, ascertains the truth of these facts, and his liability to pay the amount of the execution, results as a conclusion of law, which is embodied in the judgment of the court. The liability of his sureties, is a legal consequence of *his* liability upon its being made to appear to the satisfaction of the court, who the sureties are. This the record shows was done in this case, and the judgment therefore against them, as well as the sheriff, was properly rendered.

Nor was it necessary that the sureties should have been parties to the motion against the sheriff, or, that the fact of their surety-

ship should have been found by the jury. When they are parties to the proceeding, and submit the case to a jury, the fact of their suretyship as well as the liability of their principal, would be. established by the finding of the jury against them. Where, however, the sureties are not parties, as was the case here, the proper course is to prove the fact of suretyship to the court, and the fact that such proof was made, should appear upon the record, as it does in this case. Reid v. The Planters' and Merchants' Bank. [3 Ala. Rep. 712.]

This view disposes of all the assignments of error, except those predicated on the bill of exceptions, the principal part of which are framed on the errroneous supposition that the facts found by the jury, should appear to have been proved to the satisfaction of the court.

We proceed to the consideration of the questions presented on the bill of exceptions. The plaintiff, to establish the ability of one Calvin Davis, a defendant in the execution, to pay the debt, introduced a witness who swore that he lived near, and was well acquaintaned with him; that Davis raised some forty-five or fifty bales of cotton in 1841, besides corn—that about February, he shipped part of the cotton, and had remaining on hand, from nineteen to twenty-one bales, which were shipped about the first of May. That he passed frequently by the gin house, and saw the last mentioned cotton. He was then asked, if he knew of his own knowledge, the last mentioned cotton, to be the property of Davis; he said he did not, but that Davis had so informed him. The defendant's counsel objected to this testimony, but the court permitted it to go to the jury.

The point to be established was, that Davis was the owner of the cotton; this was sufficiently shewn *prima facie*, at least by the proof adduced, that the cotton was raised by him, continued in his possession, and that he exercised acts of ownership over it. We cannot well see how a stronger *prima facie* case of ownership of property could be made out, nor can we perceive that the case was varied in the slightest degree, by the additional proof, that Davis also *claimed to be the owner of the cotton*, there being no adverse claim set up to it, or proved to have existed.

The question is very loosely presented on the bill of exceptions; the facts stated, do not appear to have received the sanction of the court, but to have been left to the jury to determine what

they were—the objection is to the *testimony* going to the jury, and not to the *answer* to the last question asked the witness. Under these circumstances, and as it is impossible that the plaintiff in error could have been injured by proof of the declarations of Davis, when accompanied by the other *indicia* of ownership of the cotton, which were in proof, we would not reverse the cause, because these declarations went to the jury, even if we were satisfied that a *declaration of a claim to property connected with the possession*, was not admissible in evidence as part of the *res gestae*. To this point, see Willies v. Farley, [3 Carr. & Payne, 395.]

The defendant having introduced an execution against Davis, in favor of another plaintiff, and proved a levy and sale of property under it, the plaintiff called a deputy of the sheriff, who was also one of the sheriff's sureties, to prove that the judgment on which the execution had issued, had been previously paid. The counsel for the defendant objected to his introduction, because it would be compelling him to give testimony against himself. But the court overruled the objection, and he then testified that he himself had previously paid the judgment, and was running it for his own benefit.

The question here is not whether a witness can be compelled to disclose a fact, tending to establish that he owed a debt, or which might subject him to a civil action, about which there has been some difference of opinion, but it is that he had an interest to withhold from the court and jury, a fact within his knowledge, supposed to be important in the investigation before them. This has never been considered a sufficient reason for excusing one so circumstanced, from giving evidence.

A party to a suit cannot be a witness to maintain his own cause, neither can he be compelled in a court of law, to testify against himself. Although the witness in this case, was surety for the sheriff, yet he was not a party on the record, at the time of his examination as a witness. It is true that he became so afterwards by the rendition of a judgment against him jointly, with the sheriff, but this was not a necessary result of a judgment against the sheriff on the issue before the jury, but depended on the proof of a fact separate and distinct from the issue then before the jury, which proof was to be made not to the jury, but to the court. It was therefore altogether uncertain when he testi-

,fied whether any judgment would be rendered against him or not; and upon any view of the subject which has presented itself to our minds, he was not privileged from testifying in favor of the plaintiff below.

Upon an examination, it appears that there is a miscalculation of interest, which will be corrected by the clerk, at the cost of the plaintiff in error.