WELCH, et als. v. FOURIER.

1. A notice against a defaulting sheriff or constable, is sufficient, *if it specifies the* term at which the motion is made.
2. When sureties unite with their principal in a plea to the merits, it is an admission of the fact of suretyship.
3. A finding by the jury for the plaintiff, on an issue to the merits, includes all the facts necessary to the ascertainment of the defendant's liability, unless a statute requires the facts to be specially found.

Error to the County Court of Sumter.

This was a motion by the defendant in error, against the plaintiff, as constable, and others, his sureties, for failing to pay over, on demand, the amount of an execution collected by him.

At the trial of the motion, the sheriff and his sureties appeared

and objected to the sufficiency of the notice, because it did not specify the day of the term when the motion would be made; but the court overruled the objection, and refused to quash the notice.

The defendants then pleaded to the merits.

On the trial, the defendants moved the court to charge the jury, that before they could find the said Welch liable, as constable, and the other defendants as his sureties, that they must be satisfied, by the production of his official bond, that he was constable, and they were his sureties. The court refused so to charge; and instructed the jury, that that inquiry could only be necessary upon the plea of *non est factum* to the official bond. To all which the defendants excepted.

The jury found the issue for the plaintiff, and assessed his damage to $72 09. The court rendered a judgment for that sum, being the principal and interest at ten per centum per month, to bear interest at five per cent. per month until paid, besides costs, &c.

The assignments of error are—

1. The refusal to quash the notice.

2. The refusal to charge, and the charge given.

3. The jury should have found affirmatively that the constable refused to pay on demand.

GREEN, for plaintiffs in error.

BOYD, *contra.*

ORMOND, J.—In McRae v. Colclough, [2 Ala. 74,] it was held, that notice of the intended motion against a defaulting sheriff, was sufficient, if it specified the term of the court, without designating the day of the term of the court at which the motion would be made. The two statutes are alike, both requiring three days' notice to be given of the time and place of making the motion. That decision must, therefore, govern this case.

Where sureties, as in this case, appear and unite with their principal in the defence, a plea to the merits will be an admission of the fact of suretyship, and supersede the necessity of proving it. Such proof would only become necessary on the plea of *non est factum.* See Reid v. The P. & M. Bank of Mobile, [3 Ala. Rep. 712,] where the point was thus ruled. The same principle

applies to the constable who, by pleading to the merits, admitted the character in which he was sued.

It was not necessary that the jury should have found expressly that a demand was made of the constable for the money. The penalty which has been recovered in this case, depends, it is true, on that fact; but the statute does not require that the fact should be expressly found by the jury, if one is empannelled. In the absence of any such requisition, the finding of the jury for the plaintiff, on the issue, is conclusive that those facts were proved, upon which alone their verdict could be founded.

There is no error in the judgment, and it must, therefore, be affirmed.