May Term,<br>1853.<br><br>Schwartz<br>v.<br>Osthimer.

---

SCHWARTZ *v.* OSTHIMER.

The plaintiff having by replication to the plea of the defendant, alleged that the defence set up in the plea, had been pleaded by the defendant

in a former suit between them, and that the matter of the plea was determined in the former suit, and having proved the filing of such plea in the former suit, that it had been lost or mislaid and could not, after diligent search, be found, offered to give parol evidence of its contents. *Held*, that such evidence was admissible.

*Thursday,
May 26.*

ERROR to the *Hamilton* Circuit Court.

DAVISON, J.—This was an action on the case by *Osthimer* against *Schwartz*, before a justice of the peace. The justice gave judgment for *Osthimer*, and *Schwartz* appealed to the Circuit Court.

The declaration contains four counts. The first, second and third counts are in substance the same. They allege that the plaintiff bargained with the defendant, at his request, to buy of him a certain horse for 30 dollars; and that the defendant, by falsely and fraudulently warranting said horse to be sound and a good work horse, and that he would be a good work horse for seven or eight years to come, sold said horse to the plaintiff for said sum of 30 dollars, for which the plaintiff gave to the defendant his note, payable on the 25th of *December*, 1849; whereas, &c., the said horse was, at the time of said sale, unsound, diseased, and was not a good work horse; but was restive, ungovernable, and worthless. And the said horse afterward, on the 12th of *October*, 1849, died of the unsoundness aforesaid, &c.

The fourth count states that the defendant professed to have skill as a veterinary surgeon, and to be able to bleed and doctor sick and diseased horses; and by such profession induced the plaintiff to permit and suffer him to bleed said horse; and that he did bleed said horse so negligently and unskillfully, that said horse, in consequence thereof, died, and was wholly lost to the plaintiff, &c.

The defendant pleaded two pleas. 1st. Not guilty. 2d. That the defendant on the —— day of ——, 1850, impleaded the said plaintiff before one *Joseph Carlin*, a justice of the peace, in an action of debt for the purchase-money agreed to be given by the plaintiff for the identical horse mentioned in the declaration; and that the plaintiff

appeared to said action and filed his general and special pleas, wherein he set up as a defence the very identical matters, and each and every of them, now set forth in the declaration in this present suit; and that said matters were considered and admitted by said justice as proper and legal matters of defence in that suit, and the justice, upon the merits, gave judgment in favor of the defendant for 30 dollars and costs, &c., which judgment is in full force, &c.

In the Circuit Court this cause was submitted to a jury. Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

Upon the trial *Schwartz* proved a judgment against *Osthimer* in an action of debt, as stated in his plea; and also, that in said action *Osthimer* had filed from three to five pleas. And *Schwartz* having shown, by his own affidavit and other evidence, that the said pleas were lost or mislaid, so that, after diligent search, they could not be found, he moved the Court for permission to prove the contents of the pleas, which motion the Court overruled. He then moved the Court to permit the justice to amend his docket so as to show the filing of the pleas. This motion was also overruled. Whereupon he moved the Court to permit him to prove by *Carlin*, the justice, and other competent witnesses, that the very identical matters set forth in the declaration in this present suit, were set up in said pleas, and were by the justice, upon the trial of said action of debt, fully tried, adjudged and determined; but the Court overruled said motion.

The question presented by the record is, was it competent for the plaintiff in error, (having proved the filing of the pleas, that they were lost or mislaid, and could not, after diligent search, be found), to give parol evidence of their contents?

In *Jackson* v. *Cullum*, 2 Blackf. 228, it was held that, "If an instrument of writing, or even the record of a judgment, be lost or destroyed, the contents may be proved by parol." In that case, the Court says, "On the subject of evidence, the general rule is that the best at-

*May Term,*
*1853.*

tainable evidence shall be adduced to prove every disputed fact." The effect of this rule is, that when from the nature of the transaction, superior evidence may be presumed to be within the power of the party, that which is inferior will be excluded. But when it is manifest that evidence of a higher degree is not within the power of the party, that of the lower degree will be received; and the general rule never excludes the best evidence that can be produced. 1 Stark. Ev. 391.

We think the record presents a fair case for the admission of secondary evidence. The loss of the pleas was clearly shown, and it appears to us that parol evidence of their contents should have been admitted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. H. Voss* and *R. L. Walpole*, for the plaintiff.
*W. Garver*, for the defendant.