## DERRETT vs. ALEXANDER.

25 265
116 223

1. On a trial of the right of property under the statute, the declaration of the person in whose possession the property was found, made at the time the attachment was levied on it, that it was brought to his house by the defendant in attachment, is admissible evidence against the claimant.

2. The contents of an attachment, which is shown to be lost, may be proved by secondary evidence.

3. The death of the animal attached, before the trial of the claim suit, does not affect the right of recovery, and evidence of it is therefore inadmissible.

4. When two attachments, sued out between the same parties, are levied on the same property, and a claim interposed in each case by the same person, a judgment in one case, finding the property subject to the execution, is conclusive evidence that it is also subject in the other.

5. The payment by the claimant of the assessed value of the property in the first case, does not, of itself, sustain his claim in the second.

6. If the property is found subject to the attachment, it is erroneous to render judgment in the claim suit against the sureties on the replevy bond; and where the case is removed by *certiorari* from a justice's court, it is also erroneous to render judgment for the assessed value of the property against the sureties on the *certiorari* bond.

7. When the property is condemned in the Circuit Court, the proper practice is, to certify the judgment, with a *procedendo,* to the justice, who thereupon issues execution; if the defendant fails to deliver the property, the failure being endorsed on the claim bond, which is filed with the justice, execution issues against the principal and surety therein ·for the assessed value of the property, if that value does not exceed the amount of the judgment and costs in the attachment suit, and if it exceeds that amount, then for the judgment and costs; but for the costs of the claim suit, on the trials before the justice and in the Circuit Court, the latter court should render judgment against the claimant and his sureties on the *certiorari* bond.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. ROBERT DOUGHERTY.

TRIAL OF THE RIGHT OF PROPERTY in a mare, between James E. Alexander, plaintiff in attachment, and William Derrett, claimant. The bill of exceptions states, that "it was shown on the trial that the plaintiff had sued out two attachments against one John Derrett, both returnable before a justice of the peace; that both attachments were levied on the mare now in controversy, and a claim interposed in each case by William Derrett; that a trial of the right of property was had in each case before the justice, and both cases were re-

18

moved by *certiorari* to the Circuit Court; that one of the cases was there tried at the Fall term, 1852, and the issue was found in favor of the plaintiff;" that the defendant on that trial, *John* (?) Derrett, took a bill of exceptions under the hand and seal of the presiding judge ; that said bill of exceptions, together with the attachment in that cause, was lost, or stolen, from the clerk's office. The evidence further conduced to show that the plaintiff relied on the same proof to condemn the property in that case as in the present, and on the same witnesses. Uriah Beason, a witness for plaintiff, testified that he levied the attachment in this suit; that when he levied the attachment, he found the mare in the stable of James Derrett, who said, at the time he made the levy, that John Derrett (the defendant in the attachment) brought the mare to his house. Claimant objected to the declarations of James Derrett, who was a competent witness and then present in court; but his objection was overruled, and he excepted. Neither John Derrett, nor claimant, was present when these declarations were made by James Derrett.

" Plaintiff offered in evidence the judgment in the former claim suit, which had been tried at the Fall term, 1852. There was no complete record of the case, as the attachment had been lost. Plaintiff proved the existence of the attachment, its loss, diligent search for it by the clerk, and its contents; all of which was done against claimant's objections, and he excepted.

" Claimant proved that the jury which tried the former claim suit assessed the value of the mare at $50, and that he had paid off the judgment and costs in that case. He also offered to show that the mare had died before the trial in the justice's court; but the court ruled out the evidence, on plaintiff's objection, and claimant excepted.

" The court charged the jury, that, if they believed from the evidence that the two attachments were levied on the mare in controversy about the same time, and that claimant had interposed a claim to the property in each case, and that the issue on the trial of the right of property at the Fall term, 1852, was found in favor of the *claimant* (?), then they must find for the plaintiff, as the judgment in that event, obtained by *plaintiff* at Fall term, 1852, was conclusive; to which

charge claimant excepted, and asked the court to charge as follows : that, if they found under the charge already given that the claimant was concluded by the former judgment in the former attachment suit, then, if the jury were satisfied from the evidence that the claimant, or his surety, had paid off and discharged the judgment for the full amount of the value of the mare, *and* the claimant was only liable for the value, and if that value had been assessed and paid they could not assess the full value again ; which charge the court refused to give, and claimant excepted."

The jury returned a verdict finding the property subject to the attachment, and assessing its value at $55 ; and the claimant then moved in arrest of judgment, on account of his having paid the assessed value of the property in the former case. This motion was overruled by the court, and judgment was rendered against the claimant "and Thomas Derrett, his surety on his claim bond, and Thomas Derrett, his surety on his *certiorari* bond," for the assessed value of the mare, or so much thereof as might be necessary for the satisfaction of the attachment debt, together with the costs of the claim suit.

All the above stated rulings of the court, and the rendition of judgment, are now assigned for error.

JAMES W. GUINN, for the appellant :

1. The declarations of James Derrett were inadmissible : he was a competent witness, and ought to have been examined in person.—1 Stew. & P. 449 ; 8 S. & R. 124 ; 17 Ala. 10 ; Stark. Ev. 1731 ; 22 Ala. 529; 19 *ib*. 727; 22 *ib*. 631, 424.

2. The charge given was erroneous, as to the conclusiveness of the former verdict and judgment.—1 Green. Ev. 22 ; 1 Dev. & Bat. 464 ; 1 Saund. Pl. & Ev. 38 ; 6 Ala. 27; 9 Por. 397; 3 Dev. 508.

3. The satisfaction of the former judgment, by payment of the assessed value of the property, vests the title to the property in the defendant. Such is the law in trover and detinue, and there is no reason why the principle should not apply to a claim suit, which is but another mode of trial.

4. The judgment is erroneous.—Clay's Digest, p. 75, § 19; *ib*. 57, § 11 ; 3 Porter 289 ; *ib*. 406 ; 1 Ala. 77; 2 *ib*. 146 ; 20 *ib*. 694 ; 19 *ib*. 101 ; 16 *ib*. 272 ; 10 *ib*. 451 ; 18 *ib*. 778.

JOHN T. HEFLIN, with whom was S. F. RICE, contra:

1. The declarations of James Derrett, at the time the attachment was levied on the property in his possession, were admissible evidence as part of the res gestæ.—Perry v. Graham, 18 Ala. 522 ; Nelson v. Iverson, 17 ib. 216 ; Hadden v. Powell, ib. 314 ; Mobley v. Bilberry, ib. 428 ; McBryde v. Thompson, 8 ib. 650 ; Gary v. Terrell, 9 ib. 206 ; Thomas v. De Graffenreid, 17 ib. 602 ; Brazier & Co. v. Burt, 18 ib. 201; Pool v. Harrison, ib. 514.

2. The charge of the court was correct: the former trial of the same question, between the same parties, was conclusive. Rake's Adm'r v. Pope, 7 Ala. 161 ; Gardner v. Buckbee, 3 Cow. 120 ; Burt v. Sternburgh, 4 Cow. 559.

GOLDTHWAITE, J.—Whatever a party in the possession of property says, which tends to explain the act or character of his possession, is admissible as original evidence, being considered part of the res gestæ.—Beal v. Ledlow, 14 Ala. 527. Here the person in possession of the mare says, at the time the levy is made, that she was brought to his house by the defendant in attachment ; and we must consider the declaration, in view of the circumstances under which it was made, as equivalent to saying that he did not hold the property as his own, but as bailee for the person who placed it in his possession ; and under the rule we have referred to, it was properly admitted.

Neither was there any error in allowing the contents of the attachment to be proved. The loss was fully established, and whatever doubts may formerly have been entertained as to the admissibility of secondary evidence to establish a record in case of its loss or destruction, the doctrine is too well established at the present day to be questioned.—The Inhab. of Stockbridge v. The Inhab. of West Stockbridge, 12 Mass. 400 ; Donaldson v. Winter, 1 Miller's La. R. 136-145 ; Jackson v. Cullum, 2 Black. 228 ; Newcomb v. Drummond, 4 Leigh 57-60 ; Adams v. Betz, 1 Watts 427.

So, also, in relation to the rejection of the evidence which was offered on the part of the claimant to prove that the maré had died before the trial of the right before the justice. We have held, that the death of a slave pending an action of

Derrett v. Alexander.

detinue does not affect the right of recovery, (White v. Ross, 5 S. & P. 123 ; Bettis v. Taylor, 8 Por. 564 ; Bell v. Pharr, 7 Ala. 807), and the same rule must apply in trials of the right of property, where the thing levied on is destroyed, or dies, after the claim is put in.

We think it clear, also, that the former judgment, by which the mare was found subject to the levy of the other attachment, was conclusive evidence that she was subject in the present case. The levies were both made at the same time, and the parties and the issues were the same. The rule is, that an adjudication of a court of competent jurisdiction, between the same parties, on a particular point, is, as matter of evidence, conclusive upon such point.—3 Cow. & H. Notes to Ph. Ev. 828, and cases there cited ; Rake v. Pope, 7 Ala. 161.

The charge requested by the claimant we understand to assert the proposition, that where two levies are made upon the same property, and a trial of the right is had in one of them, the property condemned, and its assessed value paid by the claimant, such payment can be set up as a complete defence on the subsequent trial. That an officer may levy two or more attachments or executions upon the same property, is undeniable ; and it would be a great hardship, in many cases, if the claimant, on the failure to sustain his claim, should be subjected to pay the value of the property in every case in which it was levied on ; and it is probable that a court of equity would, if it became impossible to restore the property from unavoidable accident, afford relief upon principles analogous to those which obtained in Garey v. Frost & Dickinson, 5 Ala. 636. But however this may be, we are satisfied that the payment of the assessed value of the property in one case, does not, of itself, sustain a claim set up in another.— The issue is simply, whether the property was subject to the execution at the time of the levy ; and had the payment been made before then, we do not see how it could avail the claimant, unless it had the effect of divesting the title of the defendant in execution ; and certainly the claimant could gain no right to the property, as against him, by the mere act of paying its value to the sheriff, and if he was not divested of the title, it would be subject to the execution, if in his possession, either actually or constructively, when the levy was

made. There was, therefore, no error in the refusal of the court to give the charge asked.

The judgment, however, which was rendered by the court upon the verdict, was incorrect in several respects. It should not have been rendered against the surety on the replevy bond, for the reason, that that bond has no connection with the proceedings on the claim. Indeed, it was irregular to allow a claim to be put in until the property replevied had been delivered to the officer according to the condition of the replevy bond (Braley v. Clark, 22 Ala. 361) ; and had the trial of the right of property been determined in favor of the claimant, it would not have discharged the surety on the replevy bond from his obligation.—Braley v. Clark, *supra*.—Neither was the court authorized to render an alternatve judgment for the assessed value of the property against the surety on the *certiorari* bond. Under the fourth section of the act of 1816, Clay's Digest 315, in cases of appeal and *certiorari*, where the judgment of the justice is affirmed, it is rendered against the sureties on the bond ; but it is evident from the language of the act, that it contemplated only those cases in which execution could issue from the appellate court. And as the right of property may be tried before the rendition of judgment on the attachment, and the main judgment upon such trial is the condemnation of the property to the judgment which has been or may be rendered on the attachment, we see no other course than to certify the judgment in the Circuit Court, with a *procedendo*, to the justice, who issues execution ; and on the failure of the defendant in attachment to deliver the property, the officer endorses such failure on the claim bond, which is filed with the justice, and execution issues on it for the assessed value of the property, as fixed by the Circuit Court, against the principal and surety, if such value does not exceed the amount of the judgment in attachment and costs ; and if exceeding that amount, then for the judgment and costs. We are aware that in Seaman v. White, 8 Ala. 656, it is intimated that the judgment on the trial of the right of property upon attachment is simply a condemnation of the property, without any assessment of its value ; but the same necessity exists for ascertaining its value as in case of execution from courts of record, as required by the

third section of the act of 1828 (Clay's Digest, 213, § 64), and the attachment law (Clay's Digest, 57, 58, § 11,) expressly provides, that in case claim is made, and bond given for the trial of the right of any property levied on by attachment, the same proceedings shall be had as in case of the trial of the right of property levied on by execution,—that the property shall remain in possession of the claimant,—that the bond shall be lodged with the clerk, or justice, where the attachment is returnable ; and should the condition of the bond be forfeited, the officer must enter the endorsement of forfeiture, and the clerk or justice shall issue execution on the same against all the obligors thereto. Under this statute, it seems to have been the intention of the Legislature to place the trial of the right of property upon attachments on the same footing as the trial upon executions ; and the course we have adopted is .the only one which will fully carry out the intention of the statute.

For the costs in the claim suit, however, as well as the costs on the trial of the right before the justice, execution can properly issue from the Circuit Court, and for these costs it is the duty of the court to give judgment, and award execution, as well against the sureties on the *certiorari* bond, as against the principal.—Clay's Digest, 315, §§ 11, 19.

It is urged for the appellant, that the condition of the *certiorari* bond in the present case was not such as to authorize a judgment against the surety ; but there is nothing in this objection. There is no statute which prescribes the condition of a bond of this character ; and in the present case it is broad enough to sustain a judgment for the costs, being, in effect, to pay and satisfy the judgment in the Circuit Court.

From what we have said, it is apparent that the judgment rendered by the Circuit Court should not have gone farther than a condemnation of the property to the satisfaction of the judgment on the attachment, and against the claimant and his sureties on the *certiorari* bond for the costs we have specified ; and it would have been proper to award a *procedendo* to the justice. Under our practice, it is competent to correct errors of this character here, and to render the right judgment (Code, § 3034) ; which, as no motion was made to correct the judgment in the court below, must be done at the cost of the appellant who has brought the case to this court.