Madden, Claimant, v. Hooper, Administrator.

---

## MADDEN, CLAIMANT, vs. HOOPER, ADMINISTRATOR.

[TRIAL OF RIGHT OF PROPERTY—EMANCIPATION.]

1. *Evidence; delivery bond.*—A bond for the forthcoming of a slave levied on under execution, executed by the claimant and another person, is admissible in evidence for the plaintiff, in a trial of the right of property to the slave levied on.

2. *Same; of value of slave at time of levy.*—On such a trial, since the emancipation of the slave levied on, evidence of his value at the time of the levy is admissible.

3. *Emancipation; trial of the right of property.*—The emancipation of a slave, after a levy upon him, and the institution of proceedings to try the right of property, does not preclude a recovery by the plaintiff.

APPEAL from the Circuit Court of Russell.
Tried before Hon. ROBERT DOUGHERTY.

ON the 2d day of January, 1860, an execution, called a *fieri facias*, issued from the office of the clerk of said court, against Wade Madden, in favor of Elias Hall, the appellee's intestate, which was levied, on 15th March, 1860, on a slave by the name of Anderson, as the property of the defendant in execution. On the same day, John Madden and George M. Floyd executed and delivered to the sheriff a forthcoming bond, conditioned as provided by law. On

the 15th May following, John Madden made claim to the
property levied on, and gave the required bond.  At the
spring term, 1867, (May 16th, 1867,) a trial by jury was
had, "on issue joined," and a verdict obtained as follows :
"We, the jury, find the property levied on, subject to the
plaintiff's execution in this case, and assess the value of the
property at the time of the levy, at $1,000 ;" and the judg-
ment entry thus proceeds :  "Whereupon it is considered
by the court, that the said property mentioned in the levy
be held subject to the plaintiff's judgment in this case, and
it is further ordered by the court, that the plaintiff in exe-
cution recover of John Madden, the claimant, and John M.
Phillips, and Eli Wortham, sureties on claim bond, the costs
in this behalf expended," &c.  On the trial, the plaintiff
offered and read in evidence, the forthcoming bond above
referred to.   The claimant objected to the introduction of
this bond as evidence, solely on the ground of its irrelev-
ancy, but the court overruled the objection and the claimant
excepted.   The plaintiff proved the negro levied on, worth,
at the time of the levy, $1,000.   The claimant introduced
a witness and asked him, what was the value of the negro
at the time of the trial, but the court refused to permit the
witness to answer, stating that the negro was of no value
at that time ; to this the claimant objected, and the court
overruled the objection, and claimant excepted.   The
claimant asked the court to charge the jury, " that if they
found the negro subject to the execution, they must, as far
as practicable, assess his value at the time of trial," which
charge the court refused to give, and claimant excepted.'
The court, at request of plaintiff, gave the following charge :
" If the jury were satisfied from the evidence, that said boy
was in the sole possession and control of defendant, that
was evidence of property ; and was afterwards seen in the
joint possession and control of defendant and claimant, the
law presumes it was still the individual property of defend-
ant, and the jury must so find, unless the evidence rebutted
that presumption ;" and to the giving of this charge claim-
ant excepted.   As the bill of exceptions states, " when the
court convened," (having adjourned for dinner, and an
agreement having been made by counsel, that the verdict

might be received by the clerk in the absence of the court,) "the jury were in their box; the claimant asked to have the jury polled. The court did so, and two of the jurors stated, there was a question they did not exactly understand, and stated it; the court explained to them, when the jury retired again and brought in the same verdict. The claimant objected to the jury retiring again, but the court overruled the objection and claimant excepted." All the errors assigned are noticed in the opinion of the court.

JOHN A. LEWIS, for appellant.
HOOPERS, contra.

A. J. WALKER, C. J.—1. The delivery bond given in evidence had a relevancy to the question of the case. It was proper for the consideration of the jury because of its tendency to show an acknowledgment of the liability of the property to the plaintiff's execution.—*Miller v. Hampton*, 37 Ala. 342 ; *Mitchell v. Ingram*, 38 Ala. 395.

2. There was no error in admitting evidence of the value of the slave levied on at the time of the levy. The law, (Revised Code, § 3018, (2589,) does not lay down an inflexible rule that the value of the property at the time of trial shall be assessed. It requires only that the value *at that time* shall be assessed *as far as practicable.* The quality of property in the slave having been destroyed before the trial by emancipation, it was obviously impracticable to assess any value as of that time, because there was then no value. That being the case, it was competent for the plaintiff to prove the value at the time of the levy.—*Borland v. Mays*, 8 Ala. 105.

3. The statement of the court to the jury, that the negro had no value as property at the time of the trial, was true, and merely asserted a fact of which it had judicial knowledge. The claimant would not have been injured by the rejection of his inquiry as to the value at the time of trial, when the law itself declares that there was no value.

4. The emancipation of the slave would not preclude a recovery by the plaintiff in a trial of the right of property.

The point has been so ruled in reference to an action of detinue, and the analogy to that ruling must govern the question in this case.—*Pearson v. Rose*, in manuscript; *Dewitt v. Alexander*, 25 Ala. 265.

5. What the rights and liability of. the obligors in the claim bond will be after a return of its forfeiture, is not a question now arising. It does not belong to this case as now presented.

6. The prior possession of the defendant in execution was *prima facie* evidence of title, and its effect as *prima facie* evidence of title would not be overturned by a subsequent joint possession of the defendant and claimant, unaided by other evidence. This the court might well assert as a proposition of law.—*McCall v. Pryor*, 17 Ala. 533 ; *Sims v. Boynton*, 32 Ala. 353 ; *Governor v. Campbell*, 17 Ala. 566 ; *Pinckston v. McLemore*, 31 Ala. 308 ; *Cole v. Varner*, ib. 244 ; *Whitsett v. Garner*, 23 Ala. 626 ; *Philips v. McGreer*, 13 Ala. 255. There was no error in giving the charge requested by the plaintiff.

In instructing the jury in explanation of difficulties suggested by some of the jurors, when they were polled, and in causing them to retire to reconsider their verdict, the court is not shown, by the facts before us, to have exceeded the discretion which must be left to the presiding judge. We are bound to look at the facts shown by the bill of exceptions, in a light favorable to their correctness and propriety.

Affirmed.