# Edwards *v.* Nordholm.

*Garnishment Proceedings.*

1. *Garnishment proceedings; appeal by defendant from judgment in main suit does not affect judgment in a garnishment proceeding.*—Where a plaintiff recovers a judgment in the court of a justice of the peace against a defendant, and also against the garnishee in a garnishment proceeding, which is ancillary to the main suit, an appeal to the circuit court by the defendant from the judgment against him does not affect the judgment rendered by the justice against the garnishee, which judgment may still be enforced by the plaintiff, if he recovers judgment on the appeal.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

Appellee, S. Nordholm, sued one E. P. Foley in 1891 in the justice court of W. T. Poe. Appellee recovered judgment against Foley. Appellee also sued out garnishment proceedings against G. B. Edwards, the appellant in this case, and obtained a judgment against Edwards on his answer of indebtedness. Foley then took up the case of *Nordholm v. Foley* on *certiorari* to the circuit court, but no mention was made in the *certiorari* proceedings of the judgment against Edwards as gar-

[Edwards v. Nordholm.]

nishee.   The cause was entered on the docket of the cir-
cuit court and tried as the case of S. Nordholm v. E. P.
Foley, and judgment was rendered against Foley and
the sureties on the *certiorari* bond.   Upon this judgment
execution was issued and returned "No property found."
Plaintiffs then had *scire facias* issued to Edwards to show
cause why execution should not issue on the judgment
in Poe's court against him, Edwards ; no execution hav-
ing been issued within six months from the rendition of
said judgment.   This *scire facias* was made returnable be-
fore C. J. Martin, the justice of the peace who succeeded
Poe in said office.   Edwards appeared and pleaded a re-
lease given to him by W. T. Poe, which said release was
given by Poe after the final judgment had been obtained
against Edwards, said release being given by Poe upon
the removal of the original case to the circuit court ; but
this release was without the authority, knowledge or
consent of plaintiff or his attorney.   The justice of the
peace held that the release was a good defense, and dis-
charged said Edwards.   Thereupon, appellee appealed
the case to the circuit court.   In the circuit court plain-
tiff regarded the proceeding upon the *scire facias* as a
suit upon judgment, and filed a complaint in the circuit
court upon said judgment.

The cause was tried by the court without the interven-
tion of a jury upon an agreed statement of facts which
were substantially as set forth above ; and judgment was
rendered for the plaintiff.   From this judgment the
garnishee appeals, and assigns the rendition thereof as
error.

A. LATADY, for appellant.—The removal of the case
of *Nordholm v. Foley* to the circuit court, *supersedeas*
bond being given, destroyed the judgment in the justice
court against Foley, and with that judgment was de-
stroyed the judgment rendered against appellant at the
instance of the suit in the justice court.—*Abraham v.
Alford*, 64 Ala. 281 ; *Harsh v. Heflin*, 76 Ala. 499.

W. K. TERRY, *contra*.—Taking the case of *Nordholm
v. Foley* to the circuit court by *certiorari* without mention
of the case of *Nordholm v. Edwards*, the garnishee did
not take up said case of *Nordholm v. Edwards*, which was,
to all intents and purposes, a different suit.—*Cross v.
Spillman*, 93 Ala. 170.

COLEMAN, J.—Nordholm, the appellee, recovered judgment in the justice's court. Pending the existence of this judgment, he recovered judgment against Edwards as garnishee. After the rendition of the judgment on the garnishment, the defendant debtor gave bond and appealed the case against him. Neither the defendant debtor nor the garnishee appealed the judgment in the garnishment case. On the appeal from the justice's court, the plaintiff again recovered judgment against the defendant debtor. The simple question is, what effect did the appeal of the judgment against the debtor by the debtor, have upon the garnishment case? It is contended that the execution of the appeal bond and the appeal vacated and annulled the garnishment judgment; this upon the ground that the garnishment judgment cannot stand, except upon a judgment against the main defendant, and as the trial in the circuit court upon the appeal is *de novo*, and the judgment rendered is a new judgment, and not an affirmance in any sense of the judgment in the justice's court, all the garnishment proceedings must fall. Under this rule, a plaintiff who may rightfully sue out an attachment or garishment process returnable to a justice's court, because of an erroneous decision by a justice of the peace, would be compelled to lose his attachment or garnishment security, although his claim be established and judgment rendered in his favor on the appeal. The consequences in the one case demonstrates the error of the argument and conclusion in the other.

While garnishment proceedings are ancillary to the main suit, when a judgment has been legally rendered against the garnishee, it is in many respects independent of the judgment in the main case. It may be appealed from by either the garnishee or the defendant debtor without appealing the main case, and if neither appeal, both will be held to have waived any error that may have intervened in its rendition. A payment wholly or in part by the judgment debtor, furnishes the ground *pro tanto* for enjoining the enforcement of the garnishment debt, just as in cases where there are separate judgments against a principal and surety. The garnishment judgment is so far ancillary that a *supersedeas* of the main judgment has the effect to suspend the right to enforce the garnishment judgment. The mere fact, that

[Edwards v. Nordholm.]

by statute on appeal from a justice's court of the main case, the trial is *de novo*, does not *ipso facto* destroy the garnishment judgment. During the pendency of the appeal of the main case by reason of the ancillary character of the garnishment, that proceeding is suspended until the termination of the main case by final judgment. If the defendant succeeds in defeating the plaintiff's claim on appeal, that would be ground for enjoining the collection of the garnishment, or to authorize a *certiorari* to the justice's court in which the judgment on the garnishment was rendered.

Section 3406 of the Code of 1886, under the subject of appeals from justices of the peace, provides that, "No attachment can be quashed or dismissed in the appellate court for any defect in the affidavit, attachment or bond, or for want of bond if the plaintiff will execute a sufficient bond." There are many decisions in our court upon questions affecting the validity of attachments issued and returnable to justices of the peace, made in the appellate court on appeals from the justices' court. The provision in section 3406, *supra*, and these decisions were unnecessary and ineffectual for any purpose, if an appeal by a defendant from a justice's court annulled and destroyed attachments issued and pending and garnishment judgments rendered in justices' courts.

When an attachment has been levied on personal property, returnable to a justice's court, and plaintiff recovers judgment, and on appeal to the circuit court, judgment is again rendered in favor of plaintiff, he is entitled to have the judgment certified with a *procedendo* to the justice's court; and he would be entitled to the same process, to have judgment, recovered before the appeal, enforced against the garnishee.—*Derrett v. Alexander*, 25 Ala. 265. No possible injury can result to a defendant from the application of these principles, whereas a different rule would result in injury to the plaintiff.

The ruling of the circuit court was in accordance with these views, and must be affirmed.

Affirmed.