## MARSH v. THE BRANCH BANK AT MOBILE.

1. The certificate which the statute requires a clerk to give to a witness of the length of time he has attended under a *subpœna* is *prima facie* evidence of what appears on its face; but it is competent for the party interested, either upon a motion to re-tax costs, or when sued on the certificate, to show that the witness did not attend so many days as it indicates.

2. Where a party directs a *subpœna* for a witness, it is the duty of the clerk to issue it to each succeeding term, until the order is countermanded or the suit disposed of.

3. Merely laying aside the civil, and taking up the criminal docket, does not discharge a witness in a case on the former. The witness cannot know how long it may occupy the court, or that the civil docket will not be called again before it is disposed of. If a suitor in such a case would be relieved from the costs of his witnesses, he must at least excuse them from attending.

Appeal from the Circuit Court of Mobile.

THIS was a motion for the retaxation of costs, at the instance of the defendant in error. From a bill of exceptions in the record, it appears that the plaintiff was summoned as a witness in two causes lately pending in the Circuit Court of Mobile, at the suit of the appellee, one against Jos. Cain and the other against B. C. Gallop; in each of which the sum of sixty-nine dollars was taxed for the appellant's attendance as a witness. These causes were on the trial docket both at the spring and fall terms of the court holden in 1845, and were dismissed on the 24th December of that year, at the appellee's cost. On the 9th January, 1846, an execution issued, requiring the collection of the fees allowed the witness, on which no return was made. The spring term, 1845, continued its session thirty-nine days, (including five Sunday's) fourteen of which were occupied with the criminal docket— the witness was summoned to attend the sixth day: The fall term was of thirty-three days continuance, (five Sundays included,) of which fourteen were devoted to the criminal docket.

8

The practice of the Circuit Court is to allot a particular time to the criminal docket, which is previously announced, and a matter of notoriety—during the trial of causes on the criminal docket, civil business is suspended.

It was admitted that the appellant had made his affidavit, and obtained his certificate from the clerk for forty-four days attendance as a witness in each of the cases in which he had been summoned; for which sixty-dollars were taxed.

The motion to retax was granted, and thereupon the court allowed the appellant for his attendance at the spring term, 1845, but fourteen days, and at the fall term nine days; from this order an appeal has been presented.

P. PHILLIPS, for the appellant.
LESSESNE, for the appellee.

COLLIER, C. J.—By the act of 1807, it is enacted that the attendance of a witness as to the number of days shall be ascertained by his oath, to be made at the court at which the cause is determined, &c. or within five days thereafter, before the clerk, who shall grant a certificate for the same; and if the witness swear falsely, in order to obtain his certificate, he shall be adjudged guilty of perjury. [Clay's Dig. 600, § 6; 601, § 12.] It is contended that a certificate obtained under this enactment is conclusive as to the number of days the witness has attended under *subpœna*, and cannot be gainsayed, either upon a motion to retax, or where a suit is brought for its recovery. This argument cannot be supported. A case decided at this term admits that the certificate is *prima facie* evidence of its correctness, but it is competent for the party at whose instance he was summoned to show the reverse. In principle, we can discover no difference between that case and the one now before us. It is the duty of courts to supervise the taxation of costs by their ministerial officers, and they are invested with ample powers for this purpose; which cannot be impaired by the fact that a witness has received a certificate from the clerk according to the provisions of the statute. True, the certificate of the witness upon a motion to retax, would be presumptive evidence of his attendance for the length of time expressed upon its face; but cannot be

Marsh v. The Branch Bank at Mobile.

regarded as more potent than if a suit was brought upon it for the recovery of the sum allowed to the witness.

It is made the duty of the clerk of the circuit or county court, in which a suit is pending, " where a witness had been ordered to be *subpœnaed* by any party, to continue thereafter to issue *subpœnas* for such witness from term to term, until the cause in which the evidence of such witness may be wanted, shall be finally tried, or the said witness discharged by the proper party, and the clerk notified thereof." [Clay's Dig. 602, § 15.] This statute makes it the duty of the clerk to issue a *subpœna* for a witness to each succeding term, where it has been once directed by a party, until the order is countermanded, or the suit disposed of; and the corresponding duty of attending until the witness has been released from the *subpœna*, would seem necessarily to follow.

We do not understand that the circuit court sets apart, in advance, a definite number of days to the criminal docket, but merely that it is announced from the bench when that docket will be taken up; and until it is disposed of, no civil business will be called. Such announcement is not a license to witnesses in civil causes to withdraw their attendance for the residue of the term, or until some future day in the term. The mandate of the *subpœna* requires them to be present from day to day until they are discharged.

It is competent for a party causing a witness to be summoned, who resides so near the place where the court is holden that he may without inconvenience return home at the close of each day, or week, to relieve the witness from attendance for a certain number of days, or until some definite day during the term. Whether, if the witness comes from such a distance as would render it inconvenient or oppressive to go to his home and return to the court, he can be discharged for a period short of the term, we will not inquire.

Now, although the criminal docket may be taken up, it does not amount to the discharge of a witness in a civil cause for a single day. The witness cannot know how long it may occupy the court, or whether the civil docket may not be called before it is finally disposed of. If litigants would

be relieved from the payment of the costs, they must at least excuse their witnesses from attending.

The consequence is, the judgment of the circuit court, by which the costs taxed to the appellant were reduced, is reversed, and the motion remanded if the appellee desires it.