# Burns *et al* v. Howard.

### *Action on Witness Certificate.*

1. *Witness certificate a cause of action.*—A witness certificate signed and issued by the clerk of the circuit court, being an act done in the performance of an official duty imposed by statute, is a *prima facie* cause of action in favor of the witness against the party to whom he has rendered the service of attendance upon the court; and the witness can maintain an action thereon immediately after it is signed and issued.

2. *Same; will sustain judgment by default without jury.*—Such certificate is an instrument of writing ascertaining the plaintiff's demand, and will support a judgment by default without the intervention of a jury.

3. *Appeal from justice's court; cause tried de novo.*—On appeal to the circuit court from a judgment rendered by a justice of the peace, the cause being triable *de novo*, the judgment of the circuit court should not be one of affirmance, or of reversal of that rendered by the justice of the peace; but it should be a new, independent judgment founded on the merits of the case as disclosed in that court.

4. *Same; procedendo to justice; when shouldn ot be awarded.*—On appeal from a judgment rendered before a justice of the peace, the cause no longer remaining before him, and it not being contemplated that through him the judgment of the circuit court should be made effectual, it is error for the circuit court to award a *procedendo* to the justice, unless there exist peculiar circumstances,—" such as were found in *Derrett v. Alexander*, 25 Ala. 265."

Vol. LXVIII.

[Burns et al. v. Howard.]

5   *Judgment of affirmance on appeal from justice of the peace and award of procedendo; when corrected in this court.*—A judgment of affirmance and the award of a *procedendo* by the circuit court, on appeal from a judgment rendered before a justice of the peace, in favor of the plaintiff, where it is shown that he was entitled to a judgment, is a mere error of form, without injury to the defendant; and hence, on appeal by the latter, such judgment will be corrected, and, as corrected, affirmed in this court.

APPEAL from Dallas Circuit Court.

Tried before Hon. GEORGE H. CRAIG.

The facts are stated in the opinion.

SUMTER LEA, for appellant.

FRANCIS L. PETTUS, *contra.*

(No briefs came to the hands of the reporter.)

PER CURIAM.—This cause originated before a justice of the peace and is founded on a witness certificate, issued to the appellee by the clerk of the Circuit Court of Dallas county, for the sum of five dollars and twenty cents. The justice rendered judgment in favor of the appellee, from which the defendants, now appellants, appealed to the Circuit Court. Failing to appear and prosecute their appeal, a judgment by default was rendered against them; the judgment of the justice was affirmed and a *procedendo* awarded to the justice. The only error now assigned, is the *judgment of the Circuit Court;* and in support of it we have not been furnished with brief or argument.

A witness certificate is a *prima facie* cause of action in favor of the witness against the party to whom he has rendered the service of attendance upon the court. It is issued and signed by the clerk of the court in the performance of an official duty imposed by statute. An action may be maintained upon it immediately; the witness is not bound to wait the termination of the suit.—*Hill v. White,* 1 Ala. 576; *Marsh v. Br. Bank of Mobile,* 10 Ala. 57. It is assignable, and the assignee will have a right of action thereon in his own name.—*Carville v. Reynolds,* 9 Ala, 969. When in an action upon it a judgment by default is rendered, the judgment may be made final without the intervention of a jury; it is an *instrument of writing ascertaining the plaintiff's demand.*—Code of 1876, § 3032.

When a cause in which a justice of the peace has rendered judgment is removed into the circuit court, it is triable *de novo.* The judgment rendered by the circuit court should

[Lee and Wife v. Ryall.]

not be of affirmance, or of reversal of the judgment of the justice, but a new, independent judgment, founded on the merits of the case as disclosed in that court. Unless under some peculiar circumstances, such as were found in *Derrett v. Alexander*, 25 Ala. 265, it is not competent to award a *procedendo* to the justice, for the cause no longer remains before him, and it is not contemplated that through him the judgment of the circuit court should be made effectual. The Circuit Court was in error in rendering a judgment of mere affirmance of the judgment of the justice, and in awarding a *procedendo* commanding him to proceed in the execution of the judgment. It is difficult to perceive of what injury the error can be to the appellants. At most, it is a mere error of form, which the record furnishes the means of correcting, and it will be here corrected at the costs of the appellants. 1 Brick. Dig. 71, § 13. The judgment should have been in favor of the appellee, John P. Howard, against the appellants, James H. Burns and John F. Burns, for principal and interest of the amount of the witness certificate, five dollars and twenty four cents, and the costs of the suit before the justice, five dollars and ten cents, and the costs of suit in the Circuit Court.

As corrected the judgment will be affirmed.