# Ward *v.* Chavers.

*Action on Witness Certificate.*

1. *Witness certificate, a cause of action; burden of proof.*—A witness certificate signed and issued by the clerk of the circuit court, being an act done in the performance of an official duty imposed by statute, is a *prima facie* cause of action in favor of the witness against the party to whom he has rendered the service of attendance upon the court; and in an action founded upon such certificate, the certificate itself is *prima facie* evidence of the liability of the party in whose favor it is certified the plaintiff attended, to pay the amount specified; and the burden of proof is upon the defendant in such action to show that the plaintiff is not entitled to the compensation specified.

2. *Same; case at bar.*—In an action upon a witness certificate to recover fees therein specified, the clerk of the court testified that he was directed by a justice of the peace to summon plaintiff as a witness for one jointly indicted with the defendant. Plaintiff testified that he asked defendant to excuse him from attendance, and defendant refused, saying that he had no authority to do so. Defendant testified that he refused because he did not have plaintiff summoned. The clerk's certificate of plaintiff's attendance, given as required by statute, stated that he was summoned on behalf of both defendants, and the *subpœna* and docket were to the same effect. Plaintiff testified for defendant on the criminal trial, his co-defendant being discharged without trial. *Held*: that the presumption of the truth of the clerk's certificate was not conclusively rebutted; and the cause being tried by the court without the intervention of the jury, a judgment for the plaintiff will not be reversed.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN MOORE.

The facts of the case are sufficiently stated in the opinion.

DAVISON & SMITH, for appellants.

No counsel marked as appearing for appellee.

BRICKELL, C. J.—This action, in which the appellee was plaintiff and the appellant defendant, was commenced before a justice of the peace, and was founded on two witness certificates, issued to the appellee by the

[Ward v. Chavers.]

clerk of the county court of Escambia, certifying to the attendance of the appellee as a witness for the defendants in a criminal case pending in the court, in which the appellant and another were joint defendants. The justice rendered judgment against the appellant, from which an appeal was taken to the circuit court. The amount in controversy not exceeding twenty dollars, the trial in the circuit court was by the judge without the intervention of a jury. On the trial, the appellee produced and read in evidence, the certificate which had been issued to him. There was evidence introduced that at the term of the court, when the criminal case was called for trial, the defendant jointly indicted with the appellant was discharged and the appellant was convicted. The dockets of the court, and the subpœna served on the appellee, showed that he was summoned as a witness for the defendants jointly, and not for one of them only. The clerk testified that he was directed by one Vogel, a justice of the peace, to summon the appellee as a witness for the defendant who was discharged. The appellee testified to his attendance as a witness, and the amount of his compensation, as stated in the certificate. That he requested the appellant to discharge him as a witness, and that he declined on the ground of want of authority. That on the trial he was examined as a witness on behalf of the appellant. The appellant testified, that his refusal to discharge the appellee as a witness, was upon the ground that he did not have him summoned. Upon this evidence, the judge rendered judgment against the appellant, in favor of the appellee, for the amount of the certificates with interest, from which the appeal is taken.

The certificate, which the statute requires the clerk of a court to issue to a witness, is *prima facie* evidence of what appears on its face—*prima facie* evidence of compensation to which the witness is entitled, and of the liability of the party in whose behalf it is certified he attended, to pay the amount specified.—*Carville v. Reynolds*, 9 Ala. 969 ; *Marsh v. Br. Bank Mobile*, 10 Ala. 57 ; *Burns v. Howard*, 68 Ala. 352. If the evidence introduced on the trial in the court below, was not in all respects consistent with the statements of the certificates, a question we do not deem it within our province to discuss, it certainly is not of that degree which would

[Nicrosi v. Calera Land Co.]

justify an appellate court in pronouncing, that a judgment founded on it, is manifestly wrong. And as we can not so pronounce, the judgment must be affirmed.
Affirmed.