# Elliott *v.* Howison.

### *Motion to Retax Costs.*

(Decided Jan. 19, 1909.  48 South. 508.)

1. *Costs; Mileage of Witnesses.*—Witnesses living more than one hundred miles from the place of trial are entitled to their mileage, which is taxable as costs, although the subpoenas issued for them were without the affidavits provided for by section 4021, Code 1907.

2. *Same; Motion; Re-Taxation; Grounds.*—A motion to retax costs, under section 3685, Code 1907, which alleges error in the taxation of the costs for one named reason, is properly overruled, if the error alleged is not good, although the taxing was erroneous for other reasons, which were not incorporated in the "particular" in which it is alleged that the clerk erred.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWN.

Howison recovered a judgment against Elliott and Elliott entered a motion on the motion docket to retax the costs as to certain witnesses. From a judgment denying the motion, Elliott appeals. Affirmed.

BESTOR, BESTOR & YOUNG, for appellant. All mileage over a hundred miles from the place of trial computed by the route usually traveled of witnesses in attending court, was improperly taxed against appellant.— Section 4021, Code 1907. No affidavit was made as required by said section. The testimony of the clerk showed that no subpoenas were issued for such witnesses.— *Ala. Mid. Ry. Co. v. Russell,* 103 Ala. 543.

GREGORY L. & H. T. SMITH, for appellee. The contention of appellant has been decided against him and the court properly declined to retax the costs.—*Ala. Mid. Ry. Co. v. Russell,* 103 Ala. 543.

TYSON, C. J.—This appeal is from an order denying a motion to retax the costs of certain witnesses. Section 3685 of the Code of 1907 provides: "If the taxation of costs be excessive by charging the costs of witnesses who were not examined, or by charging costs to an improper party, or taxing costs contrary to law, the party aggrieved may move the court for a retaxation, setting forth the particulars in which the clerk has erred." The motion, after setting out the names of the witnesses, the total amount of the certificate issued to each, showing the separate sum allowed for mileage, and that for attendance, alleges, as the sole ground of error of the clerk with respect to the allowance for the mileage, "that all said witnesses resided more than 100 miles from Mobile, Ala., computed by the route usually traveled, and that all the subpoenas to said witnesses were issued by the clerk of this court without the party summoning them (the plaintiff in this cause) his agent or attorney, making affidavit that the personal attendance of said witnesses, or any of them, was necessary to a proper decision of the cause, and that their depositions, or the deposition of any of them, would be insufficient for that purpose. Defendant therefore shows that the amount allowed to each of said witnesses for mileage, as aforesaid, and as such taxed as costs against said defendant, is contrary to law and in said particular the clerk of this court erred."

The motion was framed upon the theory—and upon no other, and presents no other question than—that the clerk, in issuing the subpoenas to the witnesses, violated section 4021 of the Code of 1907; and from this it is evident the conclusion was reached that the mileage was not taxable as costs. This identical question arose, and was decided adversely to the appellant, in the case of *Alabama Midland Railway Co. v. Rushing,* 103 Ala.

[Miller, et al. v. The State.]

542, 15 South. 853. But it is insisted by appellant's counsel that the evidence introduced upon the trial of the motion established that one of the witnesses was a nonresident of the state and no suboenas were issued by the clerk to any of them, and therefore, that the case cited above should not control. Suffice it to say that these grounds of contention were not incorporated in the motion, and therefore were not the "particular" which was alleged in which the clerk erred. Having alleged one "particular" as ground of relief, relief cannot be granted upon other and different grounds. Had these grounds been made the basis of the motion, whether or not relief should be granted upon either of them is a question upon which we express no opinion, since it is a point clearly not presented by the record.

Affirmed.

DOWDELL, ANDERSON, and McCLELLAN, JJ. concur.