# Friddle v. Braun, *et al.*

## Motion to Retax Costs.

(Decided January 14, 1913. Rehearing denied February 4, 1913. 61 South. 57.)

1. *Witnesses; Witness Certificates; Issuance; Time.*—Where a cause was tried November 7, 1911, and taken under advisement, and while under such advisement, plaintiff took a voluntary nonsuit on January 2, 1912, a witness certificate issued December 21, 1911, was issued in time within section 21, Acts 1888-9, p. 1001.

2. *Same; Validity.*—A certificate as to witness's attendance issued by a clerk of the court pursuant to statutory duties is prima facie correct.

3. *Same; Conclusiveness; Retaxation.*—On a motion to retax costs movant can attack the correctness of a witness certificate issued by the clerk and show that the items were improperly taxed.

4. *Same; Fees; Oath; Necessity.*—A clerk may issue a certificate to a witness as to his attendance if he knows the items to be correct, though the witness does not make the oath required by section 3674, Code 1907; when the oath is made by the witness he must issue the certificate.

[Friddle v. Braun, et al.]

5. *Same; Non-Residence; Attendance.*—Section 4021, Code 1907, refers only to witnesses subpoenaed within the state.

6. *Costs; Relaxation; Motion.*—Under Acts 1911, p. 90, a motion to totally disallow mileage to a witness who attended from another state on the ground that it was wholly unauthorized and illegal, is not sufficient.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Motion to retax costs made by James A. Friddle and directed to Lewis Braun and others. From an order overruling the motion to retax, movant appeals. Affirmed.

THOMPSON & THOMPSON, for appellant. When costs are taxed contrary to law the party aggrieved may move the court for re-taxation setting forth the particulars wherein the costs have been erroneously taxed.— Code, sec. 3684. The time within which witnesses may claim their attendance and mileage, and within which the clerk is permitted to issue certificates is limited to five days after the trial is terminated.—Acts of Ala., 1884; Amending an Act entitled An Act to Establish The City Court of Birmingham. The clerk of the city court of Birmingham is not authorized to issue a certificate of attendance and mileage, nor is a witness authorized to claim such attendance and mileage after the expiration of five days after the termination of the trial.—Authorities supra, 2nd Proposition. An attorney in fact acting under and by virtue of a written power of attorney is vested with only the authority delegated to him by his written power of attorney. Fees and mileage for the attendance of witnesses upon a civil case should not be taxed for a greater distance than a subpoena would run.—*Wooster v. Hill, et al.,* 44 Fed. Rep. 819; *Burrow v. Kansas City & Ft. Scott R. R.,* 54 Fed. Rep. 278 to 284; *The Vernon Case,* 36 Fed.

Rep. 113, 115 and 117.   There is no authority of law authorizing a witness to claim mileage for attending a trial of a case except from his residence, and this residence by proper construction of the statutes of this state is limited to a distance not greater than a subpoena would run.—Authorities under proposition 5th, supra.

HENRY UPSON SIMS, for appellee.   The application for the certificate was made in time.—Acts 1888-9, p. 1001; *Huffstuttler v. Louisville P. Co.*, 154 Ala. 291; *Baldwin v. Roman*, 132 Ala. 323.   Where a certificate was issued by a clerk of the court in pursuance of statutory authoritiy, it is prima facie correct and prima facie evidence of what appeared.—*Burns v. Howard*, 68 Ala. 352; *Marsh v. Branch Bank*, 10 Ala. 57; *Ward v. Chavers*, 115 Ala. 428; *Terry v. Montgomery*, 166 Ala. 130.   The court properly allowed the witness to collect mileage as per his certificate.—Section 3673, 4021, 4030, Code 1907; *A. M. Ry. Co. v. Rushing*, 103 Ala. 542; *Elliott v. Howison*, 158 Ala. 71.   The right of a non-resident witness to attendance and mileage from beyond the state line coming voluntarily to testify is sustained in the following cases.—101 N. W. 98; 38 Ga. 214; 28 N. E. 119; 3 Cowen, 352; 9 Rich. Law. 120; 30 Vt. 718.

PELHAM, J.—The appeal in this case is prosecuted from an order of the court overruling the motion of appellant, as the unsuccessful party to the cause, to retax the costs, or witness fee, of one of the witnesses in said cause.   The motion was made, and this appeal prosecuted, under authority of the provisions of the act approved March 4, 1911 (Acts 1911, p. 90), amending section 2684 of the Code.   It was shown on the hearing of

the motion that the original suit, in which the witness fee and mileage of the witness objected to had been taxed as costs was tried before the court without a jury on November 7, 1911, and taken under advisement by the court; that while the case was thus being held under advisement, and before a determination of the issues had been reached by the court, the plaintiff (appellant here) came into court on the 2d day of January, 1912, and asked permission of the court to enter a non-suit. The plaintiff's application to take a voluntary non-suit was granted, and the order and judgment of the court entered to that effect on the 2d day of January, 1912, the day of the application.

The certificate of attendance issued to the witness C. C. McD. Reid, included in the cost bill, was issued on the 21st day of December, 1911. It is contended that this attendance fee, including mileage, of the witness is not properly taxed as cost, because it was not proved within the time required by law; i. e. within five days after the termination of the trial of the cause, as provided by the act regulating the practice and procedure of the city court of Birmingham, approved February 28, 1889 (Acts 1888-89, pp. 992, 1001, § 21). It was shown that the cause was not terminated, and a judgment disposing of the case entered, until the appellant terminated it by his own act in taking a voluntary non-suit on January 2, 1912, before which time the case was undetermined and held under advisement by the court. The termination of the trial of the cause in the city court could not be said, under the circumstances shown, to have antedated the order or judgment of the court disposing of the cause on the appellant's motion, and the witness certificate was issued within the time required by law.

[Friddle v. Braun, et al.]

The witness certificate in question was issued to the witness on a power of attorney authorizing his attorney in fact to make application for and receive the certificate. It is insisted that the oath required by section 3674 of the Code was not made, and that therefore the fee of the witness for attendance and mileage is not properly taxable as costs in the case. The bill of exceptions shows that the witness forwarded to his attorney in fact a power of attorney and affidavit, with request that the attorney claim his attendance as a witness, and that this was done and the certificate issued by the clerk of the court. The certificate was issued by the clerk in the performance of an official duty imposed by statute (*Burns v. Howard,* 68 Ala. 352), and it was prima facie correct (*Marsh v. Branch Bank,* 10 Ala. 57). On a motion to retax the costs the movant could attack the correctness of the certificate, and show that the items were improperly or incorrectly taxed (*Ward v. Chavers,* 115 Ala. 427, 22 South. 116), but the oath of the witness required by section 3674 of the Code is for the protection of the clerk who issues the certificate, as well as to provide a safeguard in the means of securing a correct statement of the items to compose the charges against the unsuccessful party, and is not a mandatory prerequisite to the validity of the certificate. The clerk *may* properly issue the certificate if he has knowledge of the correctness of the items sought to be charged by the witness, without requiring oath to be made of facts already within his knowledge, but *must* issue it when the witness accompanies his application with an oath as to correctness of the items. It would appear from the statement in the bill of exceptions that an affidavit was made by the witness in this case.

28 CA

The appellant's principal contention on his motion to retax the costs is based on the fact that in the certificate issued to the witness C. G. McD. Reid, included in the cost bill, this witness was allowed mileage to and from his residence in Lynchburg, Va., to Birmingham, Ala., the place of trial; and the claim is made that this witness, being a non-resident of Alabama, and not having been subpœnaed as a witness, is not entitled to mileage. The witness is shown to have attended the trial at the request of the defendant, coming from his home in the city of Lynchburg, in the state of Virginia, to which place he returned after testifying as a witness in behalf of the defendant in the trial of the case, and was allowed mileage for the entire distance of 1,284 miles, when traveling from and returning to his home in Lynchburg, at the rate of 5 cents per mile, amounting to $64.20, and $1.50 for one day's attendance. The ground of contention incorporated in the motion in which it is alleged the clerk erred in taxing this witness' mileage as cost in the case goes to the allowance and taxing of the entire mileage of the witness in the cost bill. The same contention is made in brief of counsel for appellant. The motion concludes as follows: "Wherefore plaintiff moves the court to retax the costs as rendered by the clerk by disallowing the said witness any mileage whatever." The ground of attack in the motion and by insistence made here is not that the mileage taxed as cost is excessive or more than authorized by law, but that it is totally unauthorized and illegal.

The statute (Acts 1911, p. 90) requires the party moving for a retaxation of costs to set forth "the particulars in which the clerk has erred." Our Supreme Court has held that the movant is not entitled to the relief sought unless the "particular" in which the clerk

has erred is set out in the motion.—*Elliott v. Howison*, 158 Ala. 71, 48 South. 508. And the trial court cannot be put in error for overruling the motion in this case, based on the ground that the clerk erred in allowing and taxing *all* of the mileage allowed and taxed in behalf of the witness in the cost bill, because that part of the mileage allowed and taxed by the clerk for the distance traveled in the usual route of travel by the witness from the Alabama state line to Birmingham, the place of trial, and return to said state line, is properly taxable in the bill of costs under the rulings in the case of *Ala. Mid. Ry. Co. v. Rushing,* 103 Ala. 542, 14 South. 853, and *Elliott v. Howison,* 158 Ala. 71, 48 South. 508. The witness attended at the request of one of the parties (Code, § 3673), and was entitled to his mileage for at least the distance traveled while in the borders of the state. There was nothing incorporated in the motion specifying or particularizing, nor anything before the court on the hearing showing the usual route traveled, or the number of miles traveled, or the amount of the mileage from Lynchburg, Va., to the state line of Alabama, and therefore no data afforded that court on trial, or this court in reviewing its action, upon which action could be predicated in disallowing that part of the item for mileage of the witness in going to and from Lynchburg, Va., to the state line of Alabama, which was included in general item of mileage for the entire distance traveled as taxed by the clerk in the cost bill. The item was attacked by appellant in his motion in its entirety, as incorrectly, improperly, and illegally taxed as costs, and in this "particular" the clerk had not erred, for under the rulings of the Supreme Court in the cases we have cited part of the charge was clearly properly allowed and taxed as costs.

[Friddle v. Braun, et al.]

Whatever might have been our views on the question had it been presented to us as an original proposition, the Supreme Court, whose decisions are made conclusive on this court by statute, has held in the two cases last above cited that the affidavit, required under the provisions of section 4021 of the Code, is not necessary to entitle a witness to his pay from the unsuccessful party to a suit for mileage traveled in excess of 100 miles when he attends the trial as a witness from a greater distance. The provisions of this statute (Code, § 4021), however, must necessarily have reference only to processes and distances within the limitations of the borders of the state, the territorial boundary line of authoritative legislative enactment. The language used in the opinion of the case of *Ala. Mid. Ry. Co. v. Rushing, supra,* would seem to imply, while it is not decided, that the allowance for mileage is to be restricted to travel within the state lines. In the case of *Elliott v. Howison, supra,* our Supreme Court had this identical question of the legality of taxing in a cost bill mileage for the travel of a witness beyond, or outside of, the state presented, but found it unnecessary, as in this case, to decide that question in pasisng on the matters properly before the court for decision.

The judgment of the court overruling the motion to retax costs under the conditions shown by the record must be affirmed.

Affirmed.