## NORTON & WIFE *vs.* LINTON.

1. A deed, by which property is conveyed to L., "in trust and for the use and benefit" of another, vests the legal title in L., and the fact that it contains covenants of warranty to both the grantee and *cestui que trust* will not change its legal effect.
2. The grantor in a deed is a competent witness to impeach it.
3. That a person never had a title or color of title to a particular article of property is not a legal conclusion, but the negation of every fact that would constitute a title, and as such is admissible evidence.

ERROR to the Circuit Court of Pickens. Tried before the Hon. Sam'l Chapman.

THIS was an action of trover by the plaintiffs against the defendant, for the conversion of four slaves. The plaintiffs introduced as evidence of their title a deed, which is sufficiently noticed in the opinion, and proved that the *cestui que trust* named therein afterwards intermarried with Henry W. Norton, who, with her, is plaintiff in this suit. The defendant then proposed to prove by the deposition of Allen M. Gillespie, the grantor in the deed, that he purchased one of the negroes by the name of Sukey, who is the mother of the others, as the agent of the defendant; that he himself never had any title or color of title to the negro; that immediately after the purchase he delivered both the negro and the deed, read in evidence, to the defendant, and that neither had ever been in possession of the plaintiffs. The plaintiffs objected to the testimony as inadmissible, but the court overruled the objection and the deposition was read. The court charged the jury that the deed showed no such title in the plaintiffs as would enable them to maintain the action. The ruling and charge of the court are now assigned as error.

PECK, for the plaintiffs:

1. By the bill of sale, on the proof made, the plaintiffs were entitled to the possession of the slaves, and might well, therefore, bring the action to recover the possession. It was no objection that they had never been in the actual possession.—Tunstall v. McCleland, 1 Bibb, 186; Haynes v. Cruchfield, 7 Ala. 197-8. If A. deliver goods to B., for the use of C., the latter may bring detinue against B.—2 Starkie on Ev., part iv., title Detinue, p. 494—see also, Stokes et al. v. Yerby, 11 Ala., 322. If there was any title whatever in the defendant, by virtue of the bill of sale, it was merely as trustee, for the purpose of the remainders, and, therefore, he had no right to withhold the possession from the plaintiffs.—Carleton & Co. v. Banks, 7 Ala. 35-32-39.

2. The evidence of the witness, Gillespie, was improperly admitted—being the maker of the bill of sale, his after declarations could not be received to defeat the plaintiffs' title, and if such declaration would not be admitted for that purpose, he could not be examined to do the same thing.—Strong's Ex'rs v. Brewer, 17 Ala. 713; Julian et al. v. Reynolds et al., 8 ib. 680; 1 Greenl. Ev. § 190; Robinson, adm'r, v. Devone, 2 Hayw. 154.

HUNTINGTON, for the defendant:

1. That the grantor was a competent witness to impeach the validity of the deed, is admitted by the plaintiff in error, but it is insisted that he should not have been allowed to state in general terms that he had no title, the question of title being purely a legal question. In a case of title to real estate, this objection might hold good, for such titles can only be conveyed by written instruments, and the operation and effect of such instruments is to be declared by the court alone. But personal property passes without any writing, and one is always able to swear that he has no title, if such be the fact. But the plaintiff in error, under any aspect of the case, was not injured by the admission of this testimony, for the other answers of the witness, set out in the bill of exceptions, show clearly that he never had title. He bought the negro at an administrator's sale, as the agent of the defendant in error. The negro was delivered to the defendant under this purchase, as defendant's property, and the witness was never in possession. This state of facts shows that the witness never had title, and it did not add any thing to the proof that he swore generally to the same.

2. The deed is one of bargain and sale, upon a consideration passing from the defendant to the maker. In such a deed, the use can be limited to no other person than the bargainee, in whom alone the legal estate can be executed.—Jackson v. Carey, 16 Johns. 302; Jackson v. Myers, 3 ib. 388—see also, Jackson v. Matsdorff, 11 ib. 102; 1 Baldwin's C. C. Rep. 344.

PARSONS, J.—Gillespie, by his deed of bargain and sale, expressed to be founded on a pecuniary and other considerations, conveyed the negro girl Sukey to Samuel Linton, the defendant in this action, "in trust and for the use and benefit of Lucy Hudspeth Linton, daughther of said Samuel Linton."

There are two covenants of warranty in the deed; one to Lucy herself, by which the grantor covenants to warrant and defend the negro to her, during her natural life; the other to the grantee, for the use and benefit of Lucy. The counsel of the plaintiffs contends that Lucy took the legal title, and his argument is founded in part on the first covenant of warranty. If it be conceded that she might have maintained an action at law upon it against Mr. Gillespie, its utmost legal effect is con-

ceded. But the legal title is manifestly conveyed by the deed itself to Samuel Linton, and the covenant to Lucy, which was executory, could not divest it; and that does not appear to have been the intention of the parties.

The case nearest the present, to which we have been refered by the counsel of the plaintiffs, is Carleton & Co. v. Banks, 7 Ala. 32. There the slaves were conveyed to a trustee upon trust, that "he will permit the party of the third part to have and retain possession of the slaves and their increase, and to receive and enjoy the profits thereof, for and during the term of her natural life," &c. Under the deed the slaves went into possession of the party of the third part, and it was held by a majority of the court that her life estate could be sold under an execution against her husband. The deed in the present case does not provide that Lucy should have the possession, and it appears that neither she, nor her husband, ever had possession of the deed or of the property; and these circumstances mark the distinctions between Carleton & Co. v. Banks and this case. We are entirely satisfied that Lucy had no legal right to the property or possession, and that she could maintain no action at law for it. With her rights in equity, whatever they may be, we have nothing to do at present.

2. It appears that the plaintiffs claimed under the deed at the trial, which showed that they could not recover at law. They were not injured, therefore, by the evidence to which they excepted, even if it was erroneously admitted. It was the evidence of the grantor as a witness, against which the counsel makes two objections: first, that he could not be permitted to impeach his own deed, and, secondly, that his testimony that he never had any title or color of title to the negro that was conveyed, was but matter of conclusion. As to the first, it is true some courts have held that a party to mercantile paper cannot be admitted as a witness to impeach it; but if this was ever held with regard to deeds, the authorities are clearly the other way now. As to the second, a paper title to negroes is not necessary, at least in this State. A title, however, is made up of facts, to which alone a witness can testify, in general; but *no title, or color of title,* is constituted of facts, but is rather a consequence of the non-existence of facts. When a witness states that he never had title or color of title, it is a negation of

every fact that could constitute a title, and as such the evidence is admissible, but the witness can be cross-examined. If the interrogatories were leading or otherwise objectionable, it was too late to make the objection to the deposition for that cause, on the trial. Let the judgment be affirmed.