# Tecumseh Iron Company *v.* Mangum.

*Motion to Re-tax Costs in Action of Trover.*

1. *Trover; when no more costs than damages recoverable in.*—When the damages recovered in an action of trover do not exceed twenty dollars, it is error to render judgment for more costs than damages, unless the presiding judge certifies that greater damages should have been awarded; and it will not be presumed on error, in the absence of an express recital in the record to that effect, that the certificate was made.

2. *Re-taxing costs, to what objections motions for, are confined.*—Motions to re-tax costs are confined to objections to the taxation made by the clerk or other ministerial officer of the court, and do not open inquiry into the merits of the judgment, which the clerk is bound to pursue in taxing the costs.

APPEAL from Cherokee Circuit Court.

Tried before Hon. JOHN HENDERSON.

James M. Mangum brought an action of trover against the Tecumseh Iron Company. claiming twenty-five hundred dollars, as damages, for the conversion of certain timber trees felled by said company, and recovered a judgment for three dollars and seventy-five cents, and "all costs in this behalf expended." The clerk taxed all the costs of the case against

[Tecumseh Iron Co. v. Mangum.]

the defendant, who made a motion to re-tax them, alleging that no certificate had been made by the presiding judge that greater damages should have been awarded. The court denied the motion, and the defendant appealed to the Supreme Court, assigning the refusal of the motion to re-tax the costs as error.

DENSON & DISQUE, for appellants, cited § 3129 of the Code to show that the motion to re-tax costs should have been granted.

No counsel marked for appellee.

*Per Curiam.*—The damages recovered by the appellee, not exceeding twenty dollars, if the presiding judge did not certify that greater damages should have been awarded, it was erroneous to render judgment against the appellant for more costs than damages.—Code of 1876, § 3129. The statute is very general in its words, and embraces every action *ex delicto*, whether the injury is to person or property. The action of trover was not embraced in the statute of 1822, (Clay's Dig. § 21, 316), which in terms was confined to actions for slander, or trespass, or assault and battery. But the present statute was purposely extended to all actions to recover damages for torts, and not confined, as was the former statute, to specific actions *ex delicto*. On error, it could not be intended, in the absence of an express recital of the fact on the record, that the certificate of the judge was made, and the rendition of the judgment for more costs than damages, would be an error for which this court would reverse, and cause the proper judgment to be rendered.—*Galls v. Lynch*, 21 Ala. 579.

The case is before us now, however, on appeal from the judgment rendered on the motion to re-tax the costs. A motion to re-tax costs, is confined to objections to the taxation made by the clerk, or rather ministerial officer of the court. It does not open objections, or an inquiry into the merits of the judgment, which the clerk pursues, as he is bound to do in making the taxation.—2 Tidd. Pr. 990. However erroneous may be the original judgment, the error could not be remedied on the motion made to the Circuit Court, and the court did not err in the judgment rendered on it.

Affirmed.