## *Ex parte* Ashurst.

*Application for Writ of Mandamus.*

1. *Amendments to answers in chancery.* -Amendments to answers in chancery must be allowed as a matter of absolute right "so as to set up any matter of defense," and such amendments are not necessarily confined in their scope "to meet any state of evidence (already taken) which will authorize relief."

2. *Same* —The chancellor is without power to deny an amendment of an answer which is proposed at any time before final decree, the purpose and effect of which is "to set up any matter of defense" except to impose all the costs as a condition to its allowance.

3. *Same.*—Such right of amendment not only includes the privilege of amending "to meet any state of evidence (already taken) which

authorizes relief" but, also, any other matter of defense not already set up to the. case as made by the bill, and also, the right to change the ground of defense, if deemed advantageous to do so.

4. *Same; admissions in answer may be stricken out by amendment.* The right to set up any matter of defense includes the privilege to meet any state of the evidence authorizing relief. and averments of an unsworn answer can not, even after publication of the evidence and the submission on agreement as to certain facts, be retained against respondent's motion to strike them out, on the ground that complainant will so be deprived of their admissions, since he may try or continue the case and take additional testimony.

Application for a writ of *mandamus* to the chancellor of the South-Eastern Chancery Division.

The proceeding in this case was commenced by an application addressed to this court asking for a writ of *mandamus*, directed to the chancellor, commanding him to set aside, vacate and annul a former order of his court allowing an amendment to their answer by the respondents, and to set aside the submission of the cause, and allow further testimony to be introduced by said respondent.

The bill in the original cause was filed by James V. Ashurst against Robert T. Ashurst and the American Freehold Land Mortgage Company of London, Limited, and sought to enforce a lien on certain property. The averments of the bill are very full. The American Freehold Land Mortgage Company filed its answer, without oath, setting out many facts in conflict with the averments of the bill. This answer contained several paragraphs, the third paragraph of which contained certain admissions of fact.

The cause was submitted for final decree on the pleadings and proof after publishing the testimony. After this submission, the respondent, the American Freehold Land Mortgage Company of London, Limited, at the next term, moved the court to set aside the order of submission made at the previous term, and asked leave to amend its answer by striking out the paragraph numbered three which contained certain admissions of fact. At the same time the same respondent petitioned the court to allow it to introduce other testimony, setting out in the petition that since the submission of the cause the said petitioner had discovered new and additional evidence in said cause which was relevant thereto and very important to the defense of the petitioner; and set out in the petition the substance of said newly discovered evidence. The court granted the petition, set aside the submission of the cause, issued an order allowing the respondent to file an amended answer, and to take additional testimony,

VOL. C.

[Ex parte Ashurst.]

and ordered that the cause stand for trial at the next term of the court. Upon these facts the complainant petitioned the Supreme Court for a writ of *mandamus* directed to the chancellor "commanding him to vacate and disallow an order made in the cause of *Ashurst v. Ashurst and others*, pending in the Chancery Court of Montgomery at the last term of said court, in so far, and to the extent that said court strikes out the admissions of fact stated in the third paragraph of the answer of the American Freehold Land Mortgage Company of London, Limited." The grounds of this application for *mandamus*, as stated therein, were:

"That the allowance of said amendment was made after publication of testimony and the submission of the cause.

"That it interfered with and altered in effect the rights of the parties as established and shown by the agreement of counsel in said cause."

"That it was beyond the power of the court to allow the same, because it did not enlarge the scope of the defense open to the defendant, and was not, so far as objected to, made so as to enable the party making it to set up any defense not open to the defendant on the pleadings before the amendment."

The chancellor, as respondent to the petition for mandamus, demurred to the said petition, assigning as grounds thereof the following:

First, That the facts stated therein, do not show such facts as entitle petitioner to a writ of mandamus.

Second, That the matter complained of in said petition, to-wit; an order made by him as said chancellor, on the 11th day of April, 1893, allowing the defendant, The American Freehold Land Mortgage Company of London, (Limited), to amend its answer by striking out paragraph three thereof, is not a subject matter for review, either by appeal or mandamus.

Third, Because the right to amend an answer at any time before final decree, is a right secured to the defendant by the statutes of this State.

Fourth, Because the amendment, which was allowed to be made in the answer of said defendants, is one of the rights secured to the defendants by statute, and is not a matter of discretion on the part of the court.

Fifth, Because the statute which authorizes amendments to answers, prescribes that the only terms which can be imposed by the chancellor shall not extend beyond payment of costs..

Sixth, Because the chancellor has not the power or right

under the statutes of this State, granting said amendment, to impose any other terms than payment of cost.

Seventh, Petitioner has an adequate, legal remedy by appeal from final decree in said cause, to correct any error that may have intervened in the ruling of said court. Wherefore defendant prays judgment of the court that he may not be further required to answer said petition and that the same may be quashed.

BRICKELL, SEMPLE & GUNTER, for the petitioner.

JAMES E. WEBB and CALDWELL BRADSHAW, for the respondent.

HARALSON, J.—Formerly the right to amend a bill or answer, whether verified or not, rested within the discretion of the court. As to verified pleadings, there was much indisposition to allow amendments so as to vary facts already stated, or to let in new facts. "And it was but seldom, that an amendment was allowed after the taking of evidence, introducing facts known to the party, or which, with reasonable diligence, he could have discovered at the time of filing the original pleading."—*Rapier v. Gulf City Paper Co.*, 69 Ala. 481 ; 1 Dan. Ch. Pr. §§ 778, 779.

It is not to be wondered that a power so unlimited, by the improper exercise of which the rights of litigants might be unjustly denied or destroyed, should not be allowed to continue. It is right to get as far away from the discretion of judges as is practicable, and consistent with the due administration of rights, in courts of justice. In obedience to this salutary principle, and, no doubt, influenced thereto by the improper, if conscientious exercise of judicial discretion in allowing amendments to chancery pleadings by chancellors, we find the legislature taking a long delayed and short step from the unlimited power with which these officers were theretofore clothed in reference to such matters. At the session of 1858-9, they passed a statute, the 3d section of which provides, "That amendments to *bills and answers* shall be allowed at any time before final decree, *to meet the justice of the case*; and amendments to bills shall be allowed by adding or striking out new parties complainant or defendant, and to meet any state of proof that shall authorize relief; and all amendments shall be allowed, upon such terms as the chancellor shall deem just and equitable," &c. Acts 1858-9, p. 130.

By this statute it will be observed, (1) that *bills and an-*

*swers* were to be amended at any time before final decree, *to meet the justice of the case;* (2) that bills, in addition, were to be amended as to parties, *and to meet any state of proof that would authorize relief*—a privilege not bestowed on answers; and (3) all amendments, whether of bills or answers, were to be allowed, upon such terms as the chancellor should deem just and equitable. The right to amend was absolute, but the power of the chancellor remained almost, if not as unlimited as before, if he should choose arbitrarily to exercise it.

The legislature did not long halt here, and moving still further away from such judicial discretion, in 1860, they amended the forgoing statute, and put it into the form in which it has appeared in the subsequent Codes of this State,—in that of 1886, as § 3449. By this amended statute, amendments are to be allowed, as before, as a matter of absolute right, not upon such terms as the chancellor may deem just and equitable, but upon terms not extending beyond the payment of all the costs. And it is further provided by this last statute, not that bills and answers shall be allowed to be amended "to meet the justice of the case," as was the provision in the said original statute, but answers are to be allowed to be amended, "so as to set up any matter of defense," and bills, "by striking out or adding new parties, or to meet any state of evidence which will authorize relief." Bills and answers were thus dissociated in the statutory scheme for amendments to each.

The privilege given to bills by the first of said statutes, as contained in the words, "to meet the justice of the case," was taken away by the last, and confined to making parties, and to meet any state of proof that should authorize relief. In other words, there is a clear and distinct right of amendment given to bills and answers; and the amendments which may be made of the one are not the same, in all respects, as those that may be made of the other.

The history of this legislation, and the literal interpretation of the present statute, therefore, authorize us to conclude, that in case of amendments to answers, they are to be allowed as a matter of absolute right, "so as to set up any matter of defense," and they are not necessarily confined in their scope "to meet any state of evidence (already taken) which will authorize relief." The chancellor is without power, any longer, to deny an amendment of an answer, which is proposed at any time before final decree, the purpose and effect of which is "to set up any matter of defense," except to impose all the costs as a condition to

37

its allowance. This right of amendment, surely, includes the privilege of amending "to meet any state of evidence [already taken] which authorizes relief," as in the case of bills, for that would be matter of defense; but it goes far beyond that, and includes any other matter of defense, not already set up to the case as made by the bill, or to change the grounds of defense, if deemed advantageous to do so. The purpose of the legislation is, to furnish a rule by which justice may be the more surely done, and not defeated, between the parties.—*Rapier v. Gulf City Paper Co., supra; Pitts v. Powledge,* 56 Ala. 147.

There are obvious reasons for this difference in the right to amend bills and answers. The complainant inaugurates the litigation upon his own chosen grounds; he may require the answer to be made under oath, so as to make it evidence for him against the defendant, or waive the oath, if it best suits his purposes; he may take and introduce his proof from whatever quarter gathered, and afterwards, before final decree, amend his bill by adding or striking out averments, so as to make the allegations and proof correspond. From this absolute right to amend, and the favor with which the right is treated, we see in practice, that the amendments to bills are vastly more numerous than those to answers. It would seem, therefore, to be equitable in the scheme for the promotion of what is right and just between the parties, to allow the defendant to meet these attacks upon him from every point, by interposing by amendment, when necessary, any matter of real defense which he may be able to set up. If he has by mistake, inadvertence or otherwise, made averments in his answer which he is advised it were better not to have been made, and he would change his ground, by striking out and inserting, or by striking out and not inserting, or by inserting merely, he may do so; and if he strikes out, and inserts matter which is inconsistent with, or even contradictory of what was stricken out, it furnishes no ground for objection by complainant.—*Seales v. Pheifer,* 81 Ala. 520. And he may also amend, as the complainant may do, to make his proofs and averments correspond.

The contention that the averments of an unsworn answer may not be stricken out by amendments, because complainant would thereby be deprived of them as admissions in his favor, demands of defendant a concession of his right of defense which is not sanctioned by any of the rules of practice of courts of equity which are known to us. Such averments or admissions are mere pleadings of counsel, and may

be varied at any time, at the will of the pleader.—*Zelnicker v. Brigham*, 74 Ala. 602; *Watts v. Eufaula Nat. Bank*, 76 Ala. 474.

It has been urged that the allowance of the amendment, before final decree and after publication, was a matter of detriment to the complainant; but it may be properly replied that the statute has compensated as far as may be, for any such injury, in allowing complainant, as a matter of right, an option to try or to continue the cause, with the privilege of taking additional testimony. No amendment could be allowed which deprived complainant of that right, and if not debarred that privilege, he was in no worse condition than he would have been in the beginning, if defendant had made no such averments in his answer, as those he struck out by amendment. The practice of setting aside a submission on pleadings and proofs, when the cause has been held up for decree in vacation, is one of common indulgence by chancery courts.—*Magruder v. Campbell*, 40 Ala. 64.

We fail to see again wherein the court or the defendant, in the amendment which was allowed, violated the agreement of counsel, entered into to facilitate the trial and save expense, by agreeing that certain facts should be admitted as if proved on the trial. Those agreements may be used on the final submission and trial of the cause, with all they contain, as though the amendment had never been made. It would be extending their terms to what they do not contain, to hold that the defendant company precluded itself thereafter from all right to amend its answer, or make any other proper or legal motion in the cause.

From what has been said, it will appear that the amendment of the answer was properly allowed, and petitioner on that account is not entitled to maintain this writ. But the order of the court allowing the amendment, if erroneous, was subject to correction on appeal, after final judgment. It is everywhere conceded, that the writ of *mandamus* never lies to prevent a failure of justice, except in cases where there is no other specific, adequate remedy, to enforce a clear legal right. And so in a case similar to this, where an amendment had been allowed to a complaint at law, it was held by this court, that the allowance of the amendment being revisable on error or appeal, it was not a good ground for *mandamus*. After reviewing the authorities on the question, Somerville, J. speaking for the court, very properly said: "It is proper to add, that our past decisions have carried the principle of interfer-

[Cook v. New York Condensed Milk Co.]

ence by *mandamus* with the interlocutory orders and motions of inferior courts, quite as far as we are willing to extend it. Our inclination is rather to restrain. than enlarge such jurisdiction, as being more in harmony with the weight of authority and sound reasoning."—*Ex parte S. & N. A. R. R. Co.* 65 Ala. 599; *Ex parte Garland* 42 Ala. 559; High Extra. Leg. Rem., § 186.

If the allowance or refusal of amendments to pleadings in equity may at any time be controlled by *mandamus* as to which we do not decide, the cause here presented is not one of them.

The *mandamus* is refused, and the application dismissed at the cost of the petitioner.