(99 South. 732)

**BURROW et al. v. BERRY.** (8 Div. 577.)

(Supreme Court of Alabama. April 10, 1924.)

Equity ⬥281—Defendant entitled to amend answer after publication of evidence and submission of cause on agreement.

Defendant, in a suit to set aside an alleged fraudulent conveyance, *held* entitled, under Code 1907, § 3126; Gen. Acts 1915, p. 705, even after publication of the evidence and submission of the cause on agreement, to amend his answer so as to constitute it a general denial, though the effect of such amendment be the withdrawal of previous admissions and the imposition on plaintiff of the burden of proof.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Bill in equity by T. R. Berry against J. B. and N. J. Burrow, to set aside a conveyance as a fraud upon creditors. From the decree respondents appeal. Reversed and remanded.

The nature of this case and its course to final decree, including the rulings of the trial court, are correctly shown by the opinion of Almon, J., as follows:

"Complainant on September 12, 1921, filed his original bill, alleging that he was the owner of a judgment against J. B. Burrow, rendered August 11, 1921, in the circuit court of Franklin county, for $116.20, together with costs of suit and containing waiver of exemptions. The relief sought in the bill is the setting aside of a conveyance of certain personal property from respondent J. B. Burrow to his mother, N. J. Burrow, the other respondent, said conveyance made Exhibit A to the bill of complaint, and, being attacked on the ground that same was in fraud of creditors, the complainant seeks in his bill to subject the personal property therein conveyed to the satisfaction of his judgment.

"After the overruling of demurrers to the bill, the respondents filed their answer on May 9, 1922, which answer admitted the indebtedness, the judgment, the relationship between the parties, and the execution of the conveyance sought to be set aside. The only allegations put in issue by the answer are whether or not the property conveyed constituted all or substantially all the property of J. B. Burrow, and whether or not the consideration in said conveyance was simulated, and whether or not the purpose of same was to hinder, delay, or defraud creditors. In such cases as this the relationship between the parties, the existence of the debt, and the conveyance having first been shown, the burden of proof is always on the respondents. This is true, regardless of a denial of fraud, of denial of a false consideration, and of a denial of the purpose to hinder or delay, as to all of which matters the law casts the burden on the respondents regardless of such denials.

"This rule also obtains, notwithstanding the respondents deny that the conveyance constitutes all or substantially all the property of the debtor. In Alabama it is not necessary that the conveyance constitute substantially all the

---

debtor's property before it can be set aside as fraudulent.

"At the regular call of the docket in January, 1923, this cause was ordered submitted on original bill and answer, 30 days being allowed the parties in which to take testimony. Some time after the expiration of said 30 days, and on March 21, 1923, the attorney for the complainant made out and signed his note of testimony, same being approved by the register and filed on the same day. At the same time the attorney for the complainant filed in the cause a certified copy of the judgment mentioned in the bill, together with a statement of the costs of suit incurred in obtaining same. It appears to the court that the filing of this judgment and this cost bill without first naming a day to take testimony and giving proper notice was improper. The respondents objected to same, which objections are hereby sustained, and certified copy and said cost bill are not considered by the court in this decree.

"Shortly thereafter the register transmitted the file of papers in the case to the judge of the court for final decree. On March 22, 1923, the attorney for the respondents filed in the cause a motion for additional time to take testimony. No evidence is offered in support of this motion, and no sufficient reason for such request is stated therein. It is ordered, adjudged and decreed that said motion be and hereby is overruled, and the relief asked for therein is hereby denied.

On March 26, 1923, attorney for respondents filed in the cause an amended answer. And on March 28, 1923, he filed another amended answer. These amendments appear to be identical. Both these amendments the complainant has moved the court to strike from its files.

"It appears that the purpose and effect of said amendments is, by denying all substantial averments of the bill of complaint, to shift the burden of proof from the respondents to the complainant after the cause had already been submitted, and after the file of papers was in the hands of the trial judge for final decree. The submission has not been set aside nor has the court been requested to set it aside. The amendments do not set up any affirmative matter of defense, and do not set up any new defense, nor do they fall within the class of those filed to meet new evidence taken in the case. The court is therefore of the opinion that same are improper, and that the motion to strike is well taken.

"It is thereupon considered, ordered, adjudged, and decreed by the court that the motion to strike said amendments be and same hereby is granted, and the said amendments are hereby stricken from the files of this court.

"There having been no valid testimony introduced, and the cause having been submitted, the court proceeds to determine the same upon the original bill and original answer. Upon consideration of the same the court is of the opinion that the complainant is entitled to the relief prayed for."

The respondents appeal, and assign for error the rendition of the decree; the overruling of motion for extension of time for taking testimony; and the striking of amended answer from the file.

William Stell, of Russellville, for appellants.

Amendments to bills or answers in equity may be filed at any time before final decree, as matter of right. Ex parte Conradi, 210 Ala. 213, 97 South. 569; Acts 1915, p. 706; Sloss Co. v. Yancey, 201 Ala. 200, 77 South. 726; Farmers' State Bank v. Inman, 207 Ala. 284, 92 South. 604.

J. Foy Guin, of Russellville, for appellee.

The trial court properly struck respondents' amended answer on complainant's motion. Code 1907, § 3126; Acts 1915, p. 706; Ex parte Ashurst, 100 Ala. 573, 13 South. 542; Bank v. Denson, 115 Ala. 650, 22 South. 518; Wilkinson v. Buster, 115 Ala. 578, 22 South. 34; McMinn v. Karter, 116 Ala. 390, 22 South. 517; Sims, Ch. Pr. § 563.

SOMERVILLE, J. In Ex parte Ashurst, 100 Ala. 573, 13 South. 542, wherein the right of a respondent to amend his answer to a bill in equity after submission of the cause was involved, the decision of this court is thus correctly stated in the fourth headnote:

"The right to set up any matter of defense includes the privilege to meet any state 'of the evidence authorizing relief, and averments of an unsworn answer cannot, even after publication of the evidence and the submission on agreement as to certain facts, be retained against respondent's motion to strike them out, on the ground that complainant will so be deprived of their admissions, since he may try or continue the case and take additional testimony."

In the opinion it was said:

"If he [the respondent] has by mistake, inadvertence or otherwise, made averments in his answer which he is advised it were better not to have been made, and he would change his ground, by striking out and inserting or by striking out and not inserting, or by inserting merely, he may do so; and if he strikes out, and inserts matter which is inconsistent with, or even contradictory of what was stricken out, it furnishes no ground for objection by complainant."

In that case the court was proceeding under section 3449, Code 1886, which was preserved, without change, as section 3126, Code 1907. This subject of amendments in equity was recodified and fully covered by the act of September 22, 1915 (Gen. Sess. Acts 1915, p. 705), but no change was wrought in the former statute with respect to the character of the amendments permitted, or the time within which they may be filed. Hence the case of Ex parte Ashurst, supra, must stand as the settled construction of the statute as now in force, and must govern us here.

It was not necessary for respondent to have the submission set aside before filing his amended answer; and, the effect of the amendment being to withdraw all admissions

made in the original answer, and thereby to cast upon complainant the burden of proving the existence of the debt, and the subsequent conveyance by respondent of his property, in order to show a prima facie case for relief (London v. Anderson Brass Works, 197 Ala. 16, 72 South. 359), its disallowance must be held as prejudicial error, working a reversal of the final decree.

Upon the filing of the amended answer, complainant will be entitled to a continuance and the opportunity to take such testimony, and present such record evidence, as the issues may require; and respondent will also be allowed to take testimony and offer evidence in rebuttal. The trial court will make such orders as are appropriate to that end, imposing terms upon respondent in its discretion, as authorized by the statute. Gen. Sess. Acts 1915, p. 705.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.