(104 So. 786)

**BURROW et al. v. BERRY. (8 Div. 757.)**

(Supreme Court of Alabama. June 11, 1925.)

I. **Pleading ⚖=231, 239(3)—Amendment may be filed before decree upon terms imposed by court.**

Under Acts 1915, p. 705, § 1, amendment of answer after submission of cause, at hearing, and before final decree, so as to set up any matter of defense, may be filed as a matter of right, but court should impose such terms on amending party, not extending beyond payment of all costs, as are fair and equitable.

2. **Costs ⚖=214—Motion to retax costs does not open up inquiry into the merits of order or decree under which assessed.**

Under Code 1907, § 3684, amended Acts 1911, p. 90, a motion to retax costs does not open up inquiry into the merits of the order, decree, or judgment of court under which clerk or register acts in making taxation.

3. **Appeal and error ⚖=119—Order denying motion to set aside order imposing costs as condition of amendment not appealable.**

A motion to set aside order imposing costs as condition of amendment, and to have a new or different order entered, or old order amended, was not a motion to retax costs within Code 1907, § 3684, as amended by Acts 1911, p. 90, and order overruling such motion was interlocutory and not appealable; no appeal being authorized by Code 1923, §§ 6078, 6079, and 6089, or any other statute.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Bill in equity by T. R. Berry against J. B. Burrow and another. From a decree on motion, respondents appeal. Appeal dismissed.

Stell & Quillin, of Russellville, for appellants.

Courts may not arbitrarily exercise discretionary powers. Ex parte Chase, 43 Ala. 303; Osboren v. U. S. Bank, 9 Wheat. 738, 6 L. Ed. 204. The order of the court requiring respondents to pay all costs was erroneous. Code 1923, § 6558; Taylor v. State, 15 Ala. App. 72, 72 So. 557; Kennedy v. Sorsby, 209 Ala. 188, 95 So. 891.

J. Foy Guin, of Russellville, for appellee.

The present motion is not one to retax costs. Tecumseh Iron Co. v. Mangum, 67 Ala. 246. The decree here in question will not support an appeal. Burrows v. Berry, 211 Ala. 78, 99 So. 732; Acts 1915, p. 705, § 1; Code 1923, §§ 6078, 6079, 6655; McLaughlin v. Beyers, 175 Ala. 544, 57 So. 716; Jordan v. Jordan, 175 Ala. 640, 57 So. 436; Brady v. Brady, 144 Ala. 414, 39 So. 237. The case of Ex parte Chase has been overruled. Kelly v. State, 52 Ala. 364.

MILLER, J. This is a bill in equity to set aside a conveyance on the ground of

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fraud, filed by T. R. Berry against J. B. and N. J. Burrow. On the previous appeal (211 Ala. 78, 99 So. 732) this court held defendants had the right to file amended answer, withdrawing previous admissions, and entering general denial of averments of the bill of complaint after the submission of the cause but before final decree, and "the trial court will make such orders as are appropriate to that end, imposing terms upon respondent in its discretion, as authorized by the statute." Gen. Acts 1915, p. 705.

[1] When application is made to amend the answer after submission of the cause, at the hearing, and before final decree, so as to set up any matter of defense, it may be filed as a matter of right; but the court shall impose such terms upon the party amending at the hearing, not extending beyond the payment of all the costs as may be fair and equitable. Gen. Acts 1915, p. 705, § 1; Burrow v. Berry, 211 Ala. 76, 99 So. 732.

When the cause was reversed, this order was entered by the trial court on June 16, 1924:

"This cause coming on to be heard at this term of the court, the respondent is given leave to file amended answer, and the respondent is taxed with the cost of the case to date, and, when the respondent pays the cost of the case, the register will file respondent's amended answer."

On July 9, 1924, the respondents filed a motion which states:

"Now comes the respondents in the above-styled cause and moves the court to set aside an order or decree in the above cause, made and entered on June 16, 1924, taxing the respondents with the cost in the case to date of the order or decree, and for grounds of said motion sets down and assigns the following."

The respondents in this motion seek by its prayer the following relief:

"Wherefore respondents pray that this court will set aside the above order or decree taxing all the cost in the case against the respondents, and cause an order or decree to be entered taxing the respondents with only such cost as had accumulated before and up to filing of the amended answer before final decree and not beyond the rendition of the final decree."

On March 10, 1925, the court entered a decree on this motion, which reads as follows:

"This cause, coming on to be heard in term time, was submitted for decree upon the motion of the respondents to amend the decree heretofore entered in this cause on June 16, 1924, and, upon a consideration of the same by the court, the court is of the opinion that said motion is not well taken. It is therefore ordered, adjudged, and decreed by the court that said motion be, and the same hereby is, overruled."

This appeal is prosecuted by respondents from this decree rendered March 10, 1925, and complainant, appellee, moves to dismiss the appeal, because this decree was not such a final decree nor such an interlocutory decree as will support an appeal; that no appeal lies from this decree by statute.

[2, 3] An appeal lies from a judgment or order refusing or granting a motion to retax costs. Section 3684, Code 1907, as amended Gen. Acts 1911, p. 90. However, this is not a motion to retax costs. A motion to retax costs must under the statute set forth the particulars in which the clerk has erred. Section 3684, Code 1907, as amended Gen. Acts 1911, p. 90; Elliott v. Howison, 158 Ala. 71, 48 So. 508. This motion states no facts, no particulars wherein the register erred in the cost placed on respondents. No objection is made by the motion to the taxation of costs made by the register—a ministerial officer of the court. A motion to retax costs is designed to correct errors made by a ministerial officer, clerk or register, of the court in the taxation of costs under a judgment or order or decree of the court. A motion to retax costs does not open up an inquiry into the merits of the order or decree or judgment of the court under which the clerk or register follows in making the taxation. Tecumseh Iron Co. v. Mangum, 67 Ala. 246; section 3684, Code 1907, amended Gen. Acts 1911, p. 90.

The respondents by this motion do not seek to retax cost improperly taxed by the register under this order of the court, but seek to have the order of the court dated June 16, 1924, set aside, which directs all costs in the case to date to be paid by respondents, and to have a different order entered by the court, or to amend the order or decree of that date. The trial court correctly so interpreted the motion. This order and decree of the court, dated March 10, 1925, overruling this motion, is interlocutory in its nature and character, and we are cited to, and find no statute authorizing an appeal from it to this court. Sections 6078, 6079, and 6089, Code 1923; McLaughlin v. Beyers, 175 Ala. 544, 57 So. 716; Jordan v. Jordan, 175 Ala. 640, 57 So. 436.

In the absence of a statute authorizing it, no appeal will lie to this court from this order and decree overruling this motion; without authority by statute this court cannot take jurisdiction of it, and the motion of appellee to dismiss this appeal must be and is granted. Worthington v. Morris, 212 Ala. 334, 102 So. 620, headnote 3.

The appeal is dismissed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.