(131 So. 899)

## HENRY et al. v. WHITE et al.

### 5 Div. 61.

Supreme Court of Alabama.

Jan. 15, 1931.

Jas. W. Strother, of Dadeville, for appellants.

Albert Hooton, of Dadeville, for appellees.

SAYRE, J.

Appellees had a decree of sale for division on their bill filed for that purpose. The decree ascertained that complainant, appellee J. L. White, owned an undivided interest in all the timber on the land suitable for purposes therein described equal to .19315 of the whole. Complainant B. J. White owned a like interest in the timber. Respondent Mrs. F. H. Smith owned a life estate in an undivided interest in the land alone of .3863. E. W. Green and seven other defendants each owned an interest in the land represented by the decimal fraction .24144. Defendants J. T. Holliman and two others, all defendants, each owned an interest in the land only represented by the decimal fraction .32192. Mary Rebecca Henry owned a life estate in an undivided .6137 of the land and timber thereon. Louisa L. Henry and five others each owned an interest in the land and the timber thereon represented by the fraction .1023. The interests thus ascertained are the interests averred in the amended bill. The decree further ascertained that the "said real estate," properly intending to describe interests in the timber, as we understand, could not be equitably partitioned among the owners; and this appears to be a necessary conclusion of the respective interests of the parties. Thereupon the decree ordered a sale of "the said real estate," including therein, as we think the decree must be interpreted, the timber rights.

It is evident as a proposition of law and mathematics that the sum of the interests described in the amended bill and in the decree is greatly in excess of the possible interests in one parcel of land. Appellee would have us correct the mistakes common to the bill and the decree by reference to the evidence in the cause. This we do not consider the court here has the power to do. This, in cases of this sort, is a court of review, not a court of first instance. This court may reverse and render in causes in which the record of the pleading and the evidence warrant such decree. But corrections in the pleading and in the proof must be made in the trial court. It is clear enough that there can be no partition in kind on the pleading and the evidence shown by the record in this cause. The respective interests of the parties will need to be averred and proved in the court below to the end that a partition by sale may be decreed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.