140 So. 391

**HENRY et al. v. WHITE et al.**

**5 Div. 107.**

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

See, also, 222 Ala. 228, 131 So. 899.

428

Jas. W. Strother, of Dadeville, for appellants.

Albert Hooton, of Dadeville, for appellees.

**THOMAS, J.**

The suit was for division among the joint owners of "all the timber suitable for sawmill, planing and shingling purposes or which can be manufactured into lumber in any way" from the lands specifically described.

The averred interest of complainants was .3863, or .19315 each, of said timber right or title for a period of five years from the 10th day of September, 1927.

The court had original jurisdiction of such suit for partition.

It is alleged that "the timber thereof cannot be fairly and equitably divided or partitioned among the joint owners thereof without a sale, in as much as said property is so situated that it cannot be fairly and equitably divided among the said joint owners."

The prayer was for process to the parties in interest, for the allowance of a reasonable attorney's fee to an attorney employed "to obtain a proper and legal sale for division among said joint owners," and that the interest in the lands be sold for "division and partition among joint owners."

The bill was demurred to, and appeal heretofore taken from the decree overruling the same was affirmed in Henry et al. v. White et al., 218 Ala. 175, 118 So. 174, 175; held the complainants, having five years in which to remove the timber, were the owners in fee of the estate in timber and land, notwithstanding such limitation as to time; that they were entitled to partition, or, if that could not be fairly made, then to a sale in lieu of partition; that the averment that the land and timber thereon could not be fairly and equitably divided or partitioned among joint owners without a sale, was not an averment of necessity, but averred as a mere conclusion; the averment of "separate interests of the several owners" being "enough to justify the stated conclusion." See Henry et al. v. White et al., supra; Harrell v. Mason, 170 Ala. 282, 54 So. 105, Ann. Cas. 1912D, 585; Pierce Development Co. v. Martin, 218 Ala. 27, 117 So. 312. The description was sufficient. Code, §§ 9303, 9305; Foley v. Brock, 173 Ala. 336, 56 So. 207.

There was revivor as to privies in the estate of the original parties, a mistake in averment of the respective interests in the lands without the timber, and on second appeal was reversed for this error—that the pleading be corrected. Henry et al. v. White et al., 222 Ala. 228, 131 So. 899.

There was no reversible error in the decree to the effect that "it appearing to the

Court that Pattie N. Garrett, the Register, is a suitable person to be appointed Commissioner to make said sale, she is hereby appointed commissioner to sell said property under and in accordance with the term of this decree and her action hereunder she will report to this Court. Said sale shall depend on the confirmation of this Court." Code, § 6658. If we did not take judicial knowledge that the party named was the register of said court at such time and place (Hodge v. Joy, 207 Ala. 198, 201, 92 So. 171), the provisions of section 6658, Code, are directory and not mandatory, for that the sale is by the court, and not by the designated and appointed salesman, and derives a binding effect from the court's confirmation, and is not binding until so confirmed. Rome & Decatur R. Co. v. Sibert, 97 Ala. 393, 12 So. 69; Haralson v. George's Ex'r, 56 Ala. 295; Ex parte Branch & Co., 63 Ala. 383.

■■■ Appellants insist that there was no sufficient evidence of interest and title to warrant the decree of sale at the instance of appellees. The right of statutory interrogatories to adverse party or parties in aid of a pending suit, taken as provided by section 7764, Code, and all the answers thereto, are evidence in that cause, when the entire examination and discovery are offered by the party taking such testimony. Section 7768, Code; Alabama Power Co. v. Bodine, 213 Ala. 627, 629, 630, 105 So. 869; Birmingham Railway, Light & Power Co. v. Oden, 164 Ala. 1, 51 So. 240.

The shorthand rendition of facts permitted in the proof of possession and the title to personal property will not be confused with the rules to be observed in proving title to real property. Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 564, 122 So. 686; Florence Land, Mining & Mfg. Co. v. Warren, 91 Ala. 533, 9 So. 384; Norton v. Linton, 18 Ala. 690; Ware, Murphy & Co. v. Morgan & Duncan, 67 Ala. 461; Partridge v. Bates; 201 Ala. 557, 558, 78 So. 911. Some of the evidence offered as to title may not clearly take this distinction. However, as we shall indicate, the admissions in pleadings and evidence not subject to objection, or to which no valid objection was made, established the possession, title and right in complainants.

Complainants' note of submission is upon their pleading as amended, the interrogatories to respondents and Green, their answers thereto, and the documentary evidence and oral testimony noted by the register.

Certain of the respondents (not joining in the appeal) submit for final decree on their answer "as filed on March 2nd, 1931, to the original bill of complainant, the amended bill of complaint, and the amended bill to revive; and on the answers of E. W. Green, filed on June 15th, 1931 to the interrogatories of complainants."

In the answer of E. W. Green et al., and in Green's later answer filed (in the office of the register) on June 15, 1931, to interrogatories is the statement and admission of his relationship to Joel A. Smith and that of the others or next of kin; that said Smith died intestate, leaving a widow and no children; that he (Smith) claimed to own the lands in question, giving the quantum of his fractional interest therein "without the timber," and stating the fractional interest of the several next of kin to said Joel A. Smith in the lands, giving their names, ages, and residences. These defendants-appellants submitted, on "answer to the original bill," their answers to the amendments to said original bill as amended, and, on·the evidence, testimony and showing for witness Walls as noted.

The original bill, and as amended, and the answer thereto as originally filed, averred that Joel A. Smith in his lifetime and at his death owned an undivided interest in said lands; in the answer (without date in this record) sought to be amended to the bill as last amended, such ownership or undivided interest in these lands of said Joel A. Smith was denied. However, this ownership by Smith is shown by the other pleadings and evidence.

As the original pleading and evidence stand, the respondents, except Joel A. Smith, admitted the next of kinship, the respective and undivided ownerships in the land as averred in the bill, and that Joel A. Smith at the time of his death owned an undivided interest in the same. Such were the pleadings and evidence when the case was considered by this court and decided in 222 Ala. 228, 131 So. 899. And to like effect were the amendments to the bill for revivor on the death of Joel A. Smith, as to the parties and their respective interests, other than appellants.

The evidentiary effect of a pleading is an important and interesting subject, as indicated in Richardson v. State, 204 Ala. 124, 85 So. 789; Ex parte E. C. Payne Lumber Co., 203 Ala. 668, 85 So. 9; Callan v. McDaniel, 72 Ala. 96; Birmingham Electric Co. v. Wood, 222 Ala. 103, 130 So. 786. And the right to amend a pleading to meet the evidence was provided by the Act of 1915, p. 705; section 6556, Code. Burrow v. Berry, 211 Ala. 78, 99 So. 732. Aside from the original pleading on the hearing, without objection was offered in evidence the deed from said Joel A. Smith and wife to complainants of date of September 10, 1927, to the timber in question standing upon an undivided interest of the lands, the testimony of the Whites, Finches, Hall, and Hooten, taken orally by the register, and the interrogatories of the Greens supporting the averments of the bill as amended.

**430**

The deed from Joel A. Smith and wife to B. J. and J. L. White, of the interest in the timber on the land, was admissible with the admissions in the answer of respondents as to Joel A. Smith's interest, and with the other evidence affording such inference established complainants' right to sale for division. So the deeds of predecessors in title, as that of Garnett to J. A. Smith, and by the latter to Joel A. Smith, and that from Garnett to Jas. W. Preston, Jr., and from him to R. L. Henry, and from Preston, Jr., to Joel A. Smith, for the purpose of correcting description, were admitted without objection, and were, as source of title, properly before the court. 47 C. J. p. 421, § 385. That is, the evidence shows that Joel A. Smith and R. L. Henry, the ancestors and predecessors in title of appellants, claimed to own and were in possession of the lands described and adverted to in the pleadings, that this fact was likewise testified to by one Finch, who said he had known the lands for more than thirty years, and that said respective ancestors of the parties holding possession and claiming to own the same were said Smith and Henry, who so stated to him when on the land. Smith v. Bachus, 195 Ala. 14, 70 So. 261; Acker v. Green, ante, p. 134, 138 So. 820.

And said Jack Finch establishes the next of kinship of the respondents who take from Henry their respective interests in said lands, as indicated in the pleading. The facts as to the Joel A. Smith heirs or next of kin are admitted by answer of respondents named, and the interest in timber was conveyed to the complainants Whites, and the grantors retained the freehold. The answer and evidence of Green, a nephew of Joel A. Smith, were likewise persuasive, and supported the decree rendered. The context shows that Green did know the names, ages, addresses, and matters stated of all the heirs at law of Joel A. Smith, deceased and about which he stated as an evidentiary fact—the context shows that he was making an affirmative (and not negative) answer as to his ancestry and family history of the deceased relative. Duncan v. Watson, 198 Ala. 180, 73 So. 448, and authorities; Scheidegger v. Terrell, 149 Ala. 338, 43 So. 26; Jarvis v. State, 220 Ala. 501, 126 So. 127. The results of pedigree and fractional interest thereby being correctly stated by the witness, there was no error in allowing the witness to state such undivided and respective interests and fractional interests thereof in the land and timber.

We find no reversible error, and the decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.