39 So.2d 7

## WILLIAMS v. WILLIAMS.
### 6 Div. 791.

Supreme Court of Alabama.
Feb. 17, 1949.

McEniry, McEniry & McEniry, of Bessemer, for appellant.

Ross, Ross & Ross, of Bessemer, for appellee.

LAWSON, Justice.

This appeal is prosecuted from an order or decree overruling the motion of appellant to retax costs. The motion was made and this appeal prosecuted under authority of § 77, Title 11, Code 1940, which provides in pertinent part as follows:

"If the taxation of costs be excessive, by charging the costs of witnesses who were not examined, or by charging costs to an improper party, or taxing costs contrary to law, the party aggrieved may move the court for a retaxation, setting forth the particulars in which the clerk has erred. * * * and from a judgment or order refusing or granting any motion made under this section an appeal lies to the supreme court as in other cases."

This section has been treated by this court as having application on the equity side as well as on the law side. Barker v. Byars, 245 Ala. 223, 16 So.2d 504; Burrow et al. v. Berry, 213 Ala. 317, 318, 104 So. 786, 787. As to the purpose of the motion authorized by said section, it was said in Burrow et al. v. Berry, supra, as follows: "A motion to retax costs is designed to correct errors made by a ministerial officer, clerk or register, of the court in the taxation of costs under a judgment or order or decree of the court." Also see James v. Vickers et al., 148 Ala. 528, 40 So. 657; Tecumseh Iron Co. v. Mangum, 67 Ala. 246.

The appellant here, Nellie Williams, was the complainant in a suit filed in the court below against appellee, John J. Williams, who is her husband. In that suit Nellie Williams sought separate maintenance and other relief.

Testimony in that cause was taken orally before a commissioner. On April 15, 1947,

a final decree was rendered awarding complainant separate maintenance and other relief and taxing the costs against the respondent.

In taxing costs against the respondent in accordance with the decree of the court, the register failed to tax the respondent with commissioner's fees. Respondent paid the cost bill submitted to him by the register within a few days after the decree was rendered.

In her motion to retax, appellant, as ground for relief, alleged: "That the register did not include in the costs, as originally taxed, a bill for Commissioner stenographers fee, which was at the time of the assessing of the costs, filed in the office of the register." The prayer of the motion was: "Wherefore, Complainant prays this Court to make an order directing the Clerk to retax the costs in this cause by adding to the costs as originally taxed the said item of $190.75 for Stenographers fees, or Commissioners fee."

The fees to which commissioners are entitled and the manner in which such fees are to be taxed are provided for in § 298, Title 7, Code 1940, which is as follows:

"For taking and certifying the testimony of witnesses, the commissioner, register, or examiner is entitled to twenty cents for every hundred words, not including the caption, certificate, or exhibits, one dollar and fifty cents for each day he is necessarily engaged, and five cents for each mile necessarily traveled by him in taking such testimony; *all of which must, upon his certificate, be taxed as costs in the cause;* but the circuit judge may, for good cause shown, reduce such compensation." · (Emphasis supplied.)

It is clear from the evidence that the register failed to tax the respondent with commissioner's fees because of the fact that the commissioner did not certify that any fees were due him, but on the contrary certified at the time that he filed the testimony with the register that the complainant's father had paid him his charges for transcribing testimony taken on behalf of complainant and that the respondent had paid him his charges for the testimony taken on the respondent's behalf.

The evidence further shows that before the testimony was taken a written agreement was entered into which is in pertinent part as follows: "It was agreed by and between counsel for the Complainant and the Respondent, that W. K. Schanz act as Commissioner in the cause, *and that each side make arrangements with the Commissioner to pay his charges * * *"* (Emphasis supplied)

Appellant contends that the agreement did nothing more than bind the parties to advance to the commissioner his fees, rather than require him to wait and collect his fees as a part of the costs taxed in the case. On the other hand, the appellee insisted below and insists here that the agreement contemplated that each side pay the costs incurred in connection with the taking and transcribing of the testimony introduced on behalf of that party and that it was not merely an agreement to advance the commissioner's fees to the commissioner, but was in fact an agreement that the costs should be paid by the respective parties and that, therefore, the costs of the commissioner's fees would not be taxed up by the register irrespective of how the court taxed the costs.

Much testimony was taken on the hearing of the motion to retax in explanation of exactly what the parties intended by the written agreement. The commissioner testified on behalf of movant to the effect that the agreement did nothing more than guarantee to him his costs and that it was not contemplated that the commissioner's fees would not be taxed by the register in accordance with the decree of the court. He stated that he advised Mr. Seymour, the father of complainant, to that effect and that he did likewise with the respondent. Mr. Seymour's testimony substantiates the testimony of the commissioner. Mr. Williams, the respondent, emphatically denied that there was any such agreement. But, as before indicated, the motion to retax costs is designed to correct errors made by the clerk, register, or other ministerial officer in the taxation of costs. At the time the costs were taxed in this case the clerk testified that he was not aware of the agreement which had been entered into by the parties relative to the payment of the

commissioner's fees, but that he acted solely on the statements contained in the certificate of the commissioner to the effect that such costs had been paid to him. He denied that the commissioner ever advised him of the fact that there was any agreement that the commissioner's charges should be taxed and ultimately refunded to the successful party.

We believe that the evidence in this case shows that the clerk did not err in failing to include as an item of costs the commissioner's charges at the time the costs were taxed against the respondent and that the complainant has failed to meet the burden that was upon her to show that such costs should have been charged.

The decree of the trial court overruling the motion to retax costs must be affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.