225 So.2d 838

**The HOUSING AUTHORITY OF the CITY OF JASPER**

v.

**Lillian G. DEASON et al.**

**6 Div. 675.**

Supreme Court of Alabama.

Aug. 7, 1969.

Tweedy & Beech, Jasper, for appellees.

Hoyt Elliott, Jasper, for appellant.

MERRILL, Justice.

This appeal is from a judgment denying the condemnor's motion to retax the costs in a condemnation suit involving four parcels of land where the fees of the three commissioners were set by the probate court at $1,000.00 each and regular appeals were taken from the judgments of condemnation in all four cases.

The commissioners made the following awards:

| | |
|---|---|
| Parcel 1, Deason, | $43,425.00 |
| Parcel 2, Herndon, | $11,200.00 |
| Parcel 4, Melton, | $20,500.00 |
| Parcel 5, Brown, | $19,865.00 |

The fees of the commissioners were not set separately as to each tract but their total compensation was set at $1,000.00 each.

Appellant, condemnor, appealed to the circuit court from the separate awards, but before trial, appellant settled with the owners of Parcels 1, 2 and 4. The appeal on

parcel 5 is still pending in circuit court. There was no reservation relating to costs in the judgment of condemnation in the circuit court as to parcel 4 when it was settled, but the following reservation was contained in the judgments as to parcels 1 and 2:

> "It being made known to the Court by the attorneys for the petitioner that said petitioner is contesting the amount of fees or compensation allowed to the appraisers in this case for their services in appraising the property which includes all the property consisting of four (4) different tracts in the above numbered case and the petitioner having requested a hearing to determine the amount of fees that should be paid to said appraisers.
>
> "It is the order, judgment and decree of the Court that a hearing to determine the amount of fees to be paid will be held by the Court at a later date and the petitioner is not required to pay at this time any amount for the appraisers services in this case."

Sometime during the litigation one of the commissioners, Russell, settled out of court, and the instant appeal concerns only commissioners Wilson and Calmes.

Prior to a 1943 amendment, commissioners in condemnation proceedings in probate court received "the pay of jurors," which included days served, mileage etc., but since 1943, § 30 of Tit. 19 has read in pertinent part:

> "The costs of the application and proceedings thereunder, including the compensation of commissioners, who shall receive reasonable compensation to be fixed by the judge, must be adjudged and assessed against the applicant and his surety for costs, for which execution may issue. * * *"

It is apparent that prior to 1943, the compensation was merely a matter of calculation, but since then, it has been a judicial matter "to be fixed by the judge."

Title 19, § 17, provides for an appeal from an order of condemnation to the circuit court within thirty days and the trial shall be de novo. On appeal under this section, we have held that the court tries de novo not only the question of damages and compensation but also the right to condemn under Tit. 19, § 7; with the question of damages and compensation being a question for the jury, and the right to condemn to be determined by the court without the aid of the jury. City of Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305; Calhoun County v. Logan, 262 Ala. 586, 80 So.2d 529; Cooper v. State, 274 Ala. 683, 151 So.2d 399.

We have also held that a trial de novo means a new trial just as if no trial had ever been had, and just as if it had originated in the circuit court. The case stands in the circuit court on the process and pleadings, without judicial action upon them, precisely as it would have stood at that stage of the proceedings, if the case had been initiated in that court in the first instance. Lipscomb v. Bessemer Board of Education, 258 Ala. 47, 61 So.2d 112, and cases there cited. Clearly, the fixing of reasonable compensation for the commissioners was "judicial action," and was a matter to be considered on appeal by the circuit judge if raised.

So far as we are advised, this court had not considered how a question of "reasonable compensation" of commissioners in eminent domain proceedings should be decided on appeal. We hold, and we think the Legislature so intended, that the amending words, "reasonable compensation to be fixed by the judge" should be determined by the court without the aid of a jury when that question is raised on appeal just as the right to condemn is handled on appeal. Both being essentially questions of law, and for the court, the aid of a jury is not necessary for their disposition.

Next, the question arises as how to raise the question of reasonable compensation for commissioners which is before the circuit court by virtue of the appeal.

■ We think the proper way is by a motion to retax the costs under Tit. 11, § 77, Code 1940. It will be noted that it specifically applies to costs taxed in probate courts. It provides:

"If the taxation of costs be excessive, by charging the costs of witnesses who were not examined, or by charging costs to an improper party, or taxing costs contrary to law, the party aggrieved may move the court for a retaxation, setting forth the particulars in which the clerk has erred. This section shall apply to costs taxed in probate courts in all cases, and proceedings where such courts have jurisdiction; and any. aggrieved party to any cause or proceeding may move the circuit court, or court of like jurisdiction in the county where such cause or proceeding is pending, for a retaxation of such costs, setting forth the particulars wherein such probate court costs were improperly taxed; and such motion may be heard on five days' notice to the officers or persons claiming said fees or costs; and the same shall be passed on by the judge as other motions are heard and passed upon; and from a judgment or order refusing or granting any motion made under this section an appeal lies to the supreme court as in other cases."

Appellant contends that § 77 of Tit. 11 has no application on the ground that § 77 "is for the purpose of retaxing costs which have been charged by the Clerk, Register, or other administerial officers." Cited is a statement from Williams v. Williams, 251 Ala. 564, 39 So.2d 7, which says that "the motion to retax costs (Tit. 11, § 77) is designed to correct errors made by the clerk, register, or other ministerial officer in the taxation of costs," and an additional sentence from Burrow v. Berry, 213 Ala. 317, 104 So. 786, which states: "A motion to retax costs does not open up an inquiry into the merits of the order or decree or judgment of the court under which the clerk or register follows in making the taxation." This latter statement was dictum in *Burrow* because this court there

held that the motion appealed from was not a motion to retax costs under the statute.

■ We agree that a motion to retax costs in a condemnation suit does not open an inquiry into the questions of the right to condemn or the amount of compensation or damages due the property owner, but we do think that it opens up the question of the reasonableness of the commissioner's compensation. This is because Tit. 19, § 30, the first sentence of which is quoted supra, provides that the compensation of the commissioners shall be included in the costs in probate court, and when the cost bill of the probate court comes up to the circuit court on appeal, it is the duty of the clerk to list that item as a part of the costs. If the condemnor thinks the amount is excessive, he may file a motion to retax the costs under Tit. 11, § 77, "setting forth the particulars in which the clerk has erred." This is a matter for determination of the circuit court without a jury as we have already stated.

■ Another reason why the question should be raised under Tit. 11, § 77, is that the parties are different than those in the main case. The condemnee ordinarily has no interest in the compensation of the commissioners in probate court, and the commissioners are parties in interest when their awarded compensation is alleged to be excessive in a motion to retax the costs. Tit. 11, § 77 provides five days notice to "[the] persons claiming said fees or costs," and after a hearing, an appeal to this court is provided on that question. These provisions add support to our holding that the motion to retax costs should be made under Tit. 11, § 77.

In the instant case, two of the commissioners, not the condemnor, asked for a hearing to ascertain why their awarded compensation had not been paid to them. The trial court on May 21, 1968, ordered a pre-trial hearing for May 24 and the hearing was held on June 21, 1968. Appellant made motions to continue, to reset the cause on the jury docket, motions for sepa-

rate trials and when these were overruled, for the first time since the appeals had been taken from the probate court, appellant made a motion to retax the costs. This motion was also overruled.

The court entered an opinion and judgment on July 10, 1968. It held that the motion to retax the costs had not been timely filed, all the motions were overruled and the amounts awarded commissioners Wilson and Calmes in the probate court were owing and due them. (The judgment contained something else which was omitted from the record but neither party complains and it does not keep us from deciding the matters argued in brief.)

In its opinion, the trial court stated that the matter of the compensation of the commissioners should have been raised by a motion to retax the costs under Tit. 11, § 77, and that this had not been done until the day of the hearing concerning the failure to pay the commissioners.

Pertinent dates, most included in the trial court's opinion, are as follows: final decree in probate court, May, 1966, separate appeals as to Parcels 1, 2, 4 and 5 in May, 1966, order of condemnation as to Parcel 4, January 3, 1967, order of condemnation as to Parcel 2, April 21, 1967, and order of condemnation as to Parcel 1, May 26, 1967. In speaking of the timeliness of the filing of the motion to retax costs, the trial court wrote:

"* * * The Court finding that time for filing such motions should not exceed thirty (30) days from time the final order concerning the tract or parcel of land is made in the Circuit Court and that the better practice would be to make motion within 30 days after the case is appealed to the Circuit Court because the facts are all known at that time concerning the award made to the appraisers in the Probate Court."

Appellant contends that the trial court erred in holding that the motion to retax costs should have been filed within thirty days after the final order of condemnation in the circuit court. It cites Dorrough v. Mackenson, 231 Ala. 431, 165 So. 575, where we held that the trial court erred in "overruling the motion to retax the costs because it was made more than thirty days after the judgment."

There are several distinctions between *Dorrough* and the instant case. Actually, the then statute, § 7247, Code 1923, set a time limit of "thirty days from the rendition of judgment," but that was not carried forward in the 1940 Code. There, it was pointed out that the clerk was not required to tax the costs within thirty days after judgment and the parties could have no notice of what made up the cost bill. And there the motion was in a case which had begun and was concluded in circuit court, and finally, the cost assessed there was prima facie illegal.

But here, we are dealing with an appeal from the probate court to the circuit court in an eminent domain proceeding where the "costs of the application and proceedings thereunder, * * * must be adjudged and assessed against the applicant," the condemnor. Tit. 19, § 30. So the appellant knew what compensation had been awarded in the probate court, and the award was prima facie legal, and on appeal, the clerk of the circuit court could do nothing other than accept and list as part of the costs, the amounts awarded the commissioners. The appellant also knew that there were no additional services to be rendered by the commissioners and that the amount of their compensation would have to be paid by it unless it took some action to retax the amounts set by the probate court. All of this appellant knew in May, 1966, when separate appeals were taken in the four parcels. Appellant also knew that the compensation awarded the commissioners was not broken down by parcels, but was a total award for their appraisal work on all four parcels.

Nevertheless, appellant began settling the cases separately and dismissing appeals as to some appellees and secured its last order

**436**

of condemnation in the circuit court in May, 1967. Appellant apparently considered it all right to settle the cases piecemeal but to continue to delay the payment of the commissioners for their services. According to that plan of operation, the commissioners would have to wait until Parcel 5 is settled which is still pending in circuit court according to the record and briefs before us.

We think the matter of the retaxation of the costs, not circuit court costs but probate court costs, should have been raised by motion to retax the costs under Tit. 11, § 77,. prior to the dismissing of any appeals or settlements in circuit court.

The record does not show how the question of the excessiveness of the awards to the commissioners was brought to the attention of the circuit judge who handled the orders of condemnation, but the reservation of the question was attempted to be reserved in the order. But we do know that the record discloses that no motion to retax the costs was made in any of the cases until June 21, 1968, more than two years after the case was appealed from probate court to circuit court.

A different circuit judge heard the motion to retax from the one who entered the dismissals and the orders of condemnation. We think he correctly held that the motion to retax costs came too late and we approve his recommendation that the better practice is for the condemnor to make its motion to retax costs within thirty days after the appeal is taken to the circuit court when the condemnor desires to raise the question of excessiveness of the awards to the commissioners.

In summary, we have held (1) The "reasonable compensation" of commissioners is a question for the court without the aid of a jury. (2) This question, since it requires judicial action, may be raised in circuit court for the first time on appeal. (3) It should be raised by motion to retax the costs under Tit. 11, § 77, and (4) the mo-

tion to retax these items of costs in the probate court should be filed before any decree of dismissal, or condemnation, or award of damages is entered in the circuit court. (5) Specifically, in this case, the motion to retax costs came too late.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.